THOMAS M. HOPE, Appellant, *v.* SETH T. SAWYER, Appellee.

### APPEAL FROM MADISON.

Sales of land for taxes, under the act of 26th February, A. D. 1839, must be made on the second Monday succeeding the commencement of the term of the court at which judgment against the land was rendered, and if not made on that day are invalid.

But before a party is permitted to raise this objection to the sale, he must show that no taxes are due on the property, and that he is the owner thereof.

An acknowledgment, made out of this State, and signed "A. B. clerk, by C. D. deputy clerk," and authenticated by the seal of a court of record is *prima facie* sufficient. The presumption is that the laws of the State permitted the appointment of the deputy clerk, and that the seal was affixed by the proper officer. The act of the agent, in the name of his principal, within the scope of his authority, is the act of the principal.

The case of Bestor *v.* Powell, 2 Gilman, 119, reviewed and dissented from in part.

THIS cause was heard at March term, 1852, of the Madison Circuit Court, UNDERWOOD, Judge, presiding.

A. WILLIAMS and W. MARTIN, for appellant.

APPELLEE, in person.

TREAT, C. J. This was an action of ejectment brought by Sawyer against Hope, to recover the possession of lot one, in block twenty-three, in the city of Alton. It was admitted on the trial, that the defendant was in possession of the lot at the commencement of the suit. The plaintiff adduced the following evidence. 1. A judgment of the Madison circuit court, rendered on the third Monday of September, 1841, against the lot in question and other real estate, for the taxes due thereon for the year 1840. 2. A precipe for the sale of the property against which judgment was entered, issued on the 18th of October, 1841. 3. A deed for the lot from the sheriff to Robert Dunlap, bearing date the 3d of January, 1844, and reciting a sale of the lot under the judgment, on the 19th of October, 1841. 4. A deed from Dunlap to the plaintiff for the lot, dated the 20th of March, 1844.

The defendant objected to the introduction of this evidence, and excepted to the decision of the court admitting it.

The defendant produced the following evidence. 1. Proof that all taxes on the lot had been paid up to the time of the trial.   2. A patent from the United States to Rufus Easton for a tract of land embracing the lot.   3. A deed from Easton to Whiteside and Reynolds for the lot.   The certificate of acknowledgment on this deed was as follows : —

" State of Missouri.
    County of St. Louis, ss.   This day personally appeared before me, the undersigned, clerk of the circuit court within and for the county of St. Louis, Rufus Easton, who acknowledged the foregoing deed, or instrument of writing, to be his act and deed, hand and seal, for the purposes therein contained.   Given under my hand and seal of office, at St. Louis, this fifth day of November, 1821.

[Seal.]                      Archibald Gamble, Clerk,
                              by E. Baker, Deputy Clerk."

4. A deed for the lot from Whiteside and Reynolds to John Reynolds.   5. A deed for the lot from John Reynolds to the defendant.   The plaintiff objected to this evidence, and excepted to the decision of the court admitting it.

On the foregoing state of facts, the court found the issue in favor of the plaintiff, and rendered judgment for him.

The act of the 26th of February, 1839, under the provisions of which the lot was sold for taxes, required such sales to be made on the second Monday succeeding the term of the court at which the judgment was rendered.   It required the collector to apply at the spring term of the court for judgment against the delinquent real estate; and to give six weeks' notice in a newspaper of the application, and of the time and place of sale. It directed the clerk to docket the application at the head of the common law cases; and required the court to dispose of the same in a summary way, on the calling of the docket.   It also required the clerk to record the proceedings and judgment in a book to be kept for the purpose; and within five days after the adjournment of the court, to issue a precept under which the sale should be made.   Ought the sale to take place on the second Monday succeeding the first day of the term ; or on the second Monday after the close of the term ?.   The opinion was expressed in the case of Bestor *v.* Powell, 2 Gilman, 119, that the former day was the one intended by the legislature ; and, upon a further consideration of the question, we are well satisfied that such is the proper interpretation of the statute.   It was, however, intimated in that case, that a sale made on the

Hope *v.* Sawyer.

latter day would be valid. We cannot assent to such a conclusion. It was evidently the design of the legislature, to prescribe a uniform mode for the sale of land for taxes. The time designated for the sale was to apply to all cases. The sale was to be made on the second Monday after the rendition of the judgment. The collector was not vested with any discretion as to the day of sale. The law fixed the time, and it was his duty to pursue it. If he could properly make sales on both of the days indicated, it would be very difficult to hold that he might not sell on any other day. In requiring the sale to take place on the second Monday after the commencement of the term, the day of sale was made certain. The time when a term of the court shall commence is a matter of positive law; and the public would therefore know to a certainty when the sale would be made. Owners and bidders would have specific information of the day of sale. Sales for taxes would uniformly follow within two weeks from the rendition of the judgments. A difficult construction would leave the time of sale uncertain and contingent. It would be made to depend on the fact when the term of the court might end. The day of sale could not be known until the court had actually adjourned. It could not be ascertained from the report of the collector. And sales would not be made uniformly within a certain time after the judgments were entered. In some counties the court remains in session for two or three days only; in others for as many weeks; and in others for a still longer period. The object of the collector's notice was to apprise owners of the proceedings against their property, and secure competition at the sale. That object would be in a great degree defeated, if the sale could be made on the second Monday after the close of the term. The effect would be to lessen competition at the biddings, and sacrifice the interests of the owners of property ordered to be sold. The direction to the clerk to issue the precept within five days after the adjournment of the court, does not necessarily indicate the second Monday after the close of the term as the proper day of sale. It was said in Bestor *v.* Powell: "By fiction of law the term is one day, but as the judgment and proceedings on these applications are entered and kept in a separate record, without resorting to the fiction, the adjournment may be presumed to follow immediately upon the entering this judgment, as to this proceeding." The revenue law imposed this new and peculiar jurisdiction on the court, and required it to be exercised before the court proceeded to other business. It was clearly the design of the law, that the judgment should be entered on the first day of the term. In

legal contemplation, it is entered on that day. For all the purposes of the revenue law, the court may well be considered as at an end when the judgment is entered. The sale in question was not made on the second Monday after the rendition of the judgment, and was therefore invalid.

Was the defendant in a position to object to the sale? Before a party is permitted to raise this objection, he must show that no taxes are due on the property, and that he is the owner thereof. The defendant proved that all taxes on the lot had been paid; and he also proved title in himself, unless the deed from Easton to Whiteside and Reynolds was improperly received in evidence. It is insisted that the certificate of acknowledgment on this deed is defective; in other words, that the acknowledgment should have been made before and certified by the clerk in person. The objection is not well founded. The acknowledgment purports to have been taken by the clerk; and it is certified in his name, and under the seal of the court. *Primâ facie*, this is sufficient. The seal of the court proves itself; and we must presume that it was affixed by the proper officer. The presumption is that the clerk was authorized by the laws of Missouri to act through a deputy, and that Baker was regularly appointed as such. The deputy had the power to use the name of the clerk, and attach the seal of the court. The act of an agent within the scope of his authority and in the name of his principal, is as binding on the principal and third persons, as if performed by the principal personally. It is the act of the principal, and not of the agent. The certificate in question was none the less the act of the clerk, because made by his authorized deputy.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*