Abrams v. Ervin.

## ABRAMS v. ERVIN.

1. MINISTERIAL OFFICERS. When the duties of a public officer are of a ministerial character they may be discharged by deputy. *Aliter,* when the duties are judicial.

2. CLERK OF THE DISTRICT COURT: DEPUTY. The clerk of the District Court is a ministerial officer, and a deputy appointed under the act of July 31, 1840, (Rev. Stat. 1843, 143,) was authorized to do any act which his principal might do. (Rev. Stat. 1843, 204.)

3. ACKNOWLEDGMENT OF DEED BY DEPUTY. The record copy of a deed executed in 1846, was offered in evidence, but excluded by the court because the acknowledgment was signed "John S. Dunlap, clerk of the District Court of Des Moines County, by J. W. Webber, deputy." *Held,* that the ruling of the court was erroneous, and that the record should have been admitted. WOODWARD, J. dissenting.

4. SAME. *Semble,* that an acknowledgment taken before a deputy and signed with his own name, without showing his principal, would not be valid.

5. EVIDENCE: NUISANCE. In an action for damages sustained by the burning of a house belonging to the plaintiff, the defendant alleged in his answer that it was a house of ill fame and a nuisance. *Held,* that evidence showing the conduct of persons visiting the house, in the immediate neighborhood thereof, was admissable, when introduced to mitigate damages.

*Appeal from Des Moines District Court.*

WEDNESDAY, JUNE 15.

This was an action to recover damages for burning a house, the property of the plaintiff. The answer denied all the material allegations of the petition, and alleged that the house was kept and used as a house of ill fame, by the tenants of the plaintiff, and was a nuisance. On the trial, the plaintiff, to prove his title to the premises, the loss of the original deed being shown, offered in evidence the record of a deed of conveyance of the premises from Levi Hager, administrator of James Anderson, deceased, the patentee, to A. S. Fear, intending to follow the same up by other evidence, showing the authority of Hager to convey, and a conveyance from Fear to the plaintiff. The certificate of

acknowledgment of the deed from Hager to Fear, was signed by "John S. Dunlap, clerk of the District Court of Des Moines County, by J. W. Webber, deputy." The defendant objected to the record of the deed being given in evidence. The court sustained the objection, and the same was excluded.

The defendant offered evidence tending to show that the house burned, was a house of ill fame, and a common nuisance; and for the purpose of mitigating the damages, offered evidence to the effect that vulgar, rowdy fellows, were going to and from said house, at all hours of the night and day, and that they would insult the people they met, and also the females in the neighborhood. Among other witnesses, one Browning, whose house was in the neighborhood, was introduced and interrogated as to what such ruffians had done and said at his house, and the witness was permitted to detail what had been done and said at his house, to his family, and to his little girls on their way to school, which was insulting to his family, and caused fear as to the safety of his children—all of which evidence was objected to by the plaintiff, and the objection overruled by the court.

The jury returned a verdict for the defendant, and a motion for a new trial having been overruled, judgment was entered for defendant, from which the plaintiff appeals.

*C. Ben Darwin,* for the appellant.

I. The law in force in 1846, when this deed was executed, conferred upon the clerk of the District Court, the power to take aknowledgments of deeds. Rev. Stat. 1843, 204 sec. 7. The clerk was authorized to appoint a deputy to discharge the duties of his office. Ib. 143, chap. 44. The taking of an acknowledgment of a deed is the discharge of a duty.

II. The original deed having been lost, the introduction of the record copy in evidence should have been permitted by the court. Code 1851, sec's 1227–29; 14 Ill. 254, 6 Mor. 275, 3 Littell 315, 4 J. J. Marsh. 440; 4 Gilman 114.

III. The court erred in admitting the evidence of Browning as to the conduct of persons other than those who leased the house. The only facts that could be used to mitigate are such as would be good cause for action against the plaintiff.

*D. Rorer*, for the appellee.

I. The deputy was authorized to *discharge* the *duties* of the clerk, but taking the acknowledgement of a deed is not a *duty* within the meaning of chap. 44 Rev. Stat. (143) of 1843.

II. The acknowledgment of a deed is not a *ministerial*, but is a *quasi judicial* act, and can be performed by none but the principal. *Weldes* v. *Edsell*, 2 McLean, 366; *McNutt* v. *Livingston*, 7 S. & M. 641; 7 Bac. Abr. 137; 3 Kent 457; Rev. Stat. 1843, 205, sec's 12–19.

III. The record shows that Browning's testimony was admitted in connection with other evidence. The character of that evidence is not disclosed. The court will presume that it was such as to render the evidence of Browning admissable. Code 1851, sec. 2299; *Swain* v. *Cawood*, 2 Scam. 505; *Bennett* v. *Davis*, Mor. 364; *Balfour* v *Mitchell*, 15 S. & M. 629; *Hall* v. *Reed*, 17 Ohio, 498; *Town of Poultney* v. *Town of Glover*, 23 Verm. 328; *Patten* v. *Hater*, 18 Ala. 689.

IV. The facts disclosed by this evidence could be properly shown in extenuation.

STOCKTON, J.[1]—The question is whether the deputy of the clerk of the District Court, authorized to be appointed by the act of July 31, 1840, (Rev. Stat. 143,) was, under the seventh section of the act of February 16, 1843, (Rev. Stat. 204,) authorized and competent to take and certify the acknowledgment of a deed of conveyance of real estate.

1  WOODWARD, J., dissenting.

Where the duties of a public officer are of a ministerial character, they may be discharged by deputy. Duties of a judicial character, cannot be so discharged. The clerk is a ministerial officer. When the law gives him power to appoint a deputy, such deputy, when created, may do any act that the principal might do. He cannot have less power than his principal. He has the right to subscribe the name of his principal; and the act of the deputy, in the name of the principal, within the scope of his authority, is the act of his principal. *Parker* v. *Kett,* 1 Lord Raymond, 658; *Ellison* v. *Stevenson,* 6 B. Mon. 275; *Troplett* v. *Gill,* 7 J. J. Mar. 444; *Corrith* v. *Arnold,* 3 Littell 316; *Hope* v. *Sawyer,* 14 Ill. 254.

From the certificate in this case, it may fairly be presumed, that the deed was acknowledged before the clerk, and his name signed by the deputy. Without regard to his principal, it is not intended to be held, that the deputy has any power. It might be doubted whether a certificate, that the deed was acknowledged before the deputy, and signed with his own name, without showing his principal, would be good. The taking and certifying the acknowledgment of a deed, is, however, so far a ministerial act, that it may be done by the deputy in the name of the principal, as other acts of a ministerial nature are authorized to be performed by him. *Beaumout* v. *Yeatman,* 8 Humphrey 542; *McRaven* v. *McGuire,* 9 Smedes & M. 34.

The ruling of the court upon the evidence given by Browning, we think, was correct. But for the error in refusing to admit the deed in evidence, the judgment will be reversed.

WOODWARD, J., *dissenting.*—That part of the opinion which relates to the deed, does not receive my concurrence. I think the deed was properly rejected. See the last two cases cited in the opinion.