CHARLES W. PIPER *vs.* CHIPPEWA IRON Co.

Submitted on briefs Oct. 20, 1892. Decided Dec. 5, 1892.

Acknowledgment of the Execution of a Deed before a Deputy Clerk of Court.

Under 1878 G. S. ch. 40, § 7, a certificate of acknowledgment of a deed by the deputy of a clerk of a court of record of a sister state, in the name of his principal, and duly authenticated by the official seal of the latter, is sufficient to entitle such deed to be recorded in this state.

Same—Is as if Done before the Clerk in Person.

The acts of the deputy have the same force as though performed by his principal in person.

Certificate under Seal is Presumptive Evidence of Authority.

And the certificate in due form, under seal, is presumptive evidence of the authority of the deputy and the validity of his acts.

Appeal by plaintiff, Charles W. Piper, from an order of the District Court of St. Louis County, *Ensign,* J., made May 14, 1892, denying his motion for a new trial.

Action against defendant, the Chippewa Iron Company, to determine its adverse claim to the north half of the southwest quarter and the southwest quarter of the southwest quarter of section fifteen, (15,) T. 62, R. 14, in St. Louis county, alleged to be unoccupied. The defendant answered that it owned the land and asked judgment that plaintiff has no title and that its title be confirmed.

On December 22, 1888, the United States by its patent of that date granted the land to Stephen Snow. He and wife Susannah M., on November 21, 1890, granted it to Charles W. Piper, the plaintiff.

In May, 1877, Stephen Snow made an original homestead entry of forty acres at Tallahassee, Florida. On March 4, 1882, he and wife made a power irrevocable whereby, in consideration of $200, he constituted J. H. Chandler his attorney in fact to select, locate and enter under U. S. Rev. Stat. § 2306, one hundred and twenty acres of the public lands additional homestead, and to sell and convey the same and receive the consideration. His wife executed it in token of her release of dower and all other claims she might have in or to the land so selected and entered.

On July 23, 1888, under this power, Chandler entered the above-described land in the name of Snow, paid the fees and obtained the certificate of the Register of the Land Office at Duluth, and on December 28, 1888, under this power made a deed of the land in the names of Snow and wife to Henry S. Pickands. Pickands conveyed to Wm. L. Brown and Wm. R. Sterling, and they conveyed to the defendant.

The power of attorney to Chandler was executed in Florida. The following is a copy of the certificate of its acknowledgment:

"State of Florida,  ⎱ ss.
County of Volusia, ⎰

"Be it remembered that on this 4th day of March, 1882, before me, a clerk of Circuit Court of Volusia Co., personally appeared Stephen Snow and Susannah M. Snow his wife, personally known to me to be the individuals described in and who executed the annexed instrument as parties thereto, and acknowledged to me that they executed the same freely and voluntarily and for the uses and purposes therein mentioned.

"And the said Susannah M. Snow, wife of the said Stephen Snow, having been by me first made acquainted with the contents of said instrument, acknowledged to me, on examination apart from and without the hearing of her husband, that she executed the same

freely and voluntarily, without fear or compulsion or under influence of her husband, and that she does not wish to retract the execution of the same.

"In witness whereof, I have hereunto set my hand and affixed my official seal in said county, the day and year in this certificate first above written.

                                    "JOHN W. DUKINS,

{ Seal of }            "Clerk of Circuit Court, Volusia Co., Fla.
{ Court. }                    "By L. THOMPSON, Dep'y."

*J. L. Washburn* and *Twomey & Morris,* for appellant.

The question as to the validity and effect of the power of attorney in the case at bar has been passed upon by this court in the case of *Webster* v. *Luther,* 50 Minn. 77, adversely to the contention of plaintiff. If the power of attorney was good as between Snow and Chandler, there is no pretense that this plaintiff had any notice or knowledge of it other than such as the record thereof imparted. The record is constructive notice only when the statutory requirements entitling the instrument to record have been complied with. The instrument must be properly acknowledged before some officer authorized to take and certify acknowledgments. The record of this instrument shows that the acknowledgment was not taken before any officer authorized to take it, but was taken before a deputy clerk. Such an acknowledgment was unauthorized by the laws of this state. 1878 G. S. ch. 40, § 7.

*Draper, Davis & Hollister,* for respondent.

The power of attorney attacked was dated March 4, 1882; recorded January 5, 1889. The deed from Snow to plaintiff was dated November 21, 1890, and recorded January 3, 1891. The curative act, Laws 1889, ch. 43, had been in force one year and seven months at the date of appellant's deed. It follows that, if the power was executed according to the laws of Florida, it was properly admitted in evidence. *Bigelow* v. *Livingston,* 28 Minn. 57.

The taking of an acknowledgment is a ministerial act, and where an officer is authorized to take acknowledgments, and is authorized

by law to appoint a deputy, the deputy has the same authority in that respect as his principal. Such is the understanding of the Supreme Court of Florida. *McKinnon* v. *McCollum*, 6 Fla. 376. The Florida court is abundantly supported by the decisions of other courts. *West* v. *Schneider*, 64 Tex. 327; *Touchard* v. *Crow*, 20 Cal. 150; *Lynch* v. *Livingstone*, 8 Barb. 463; *Kemp* v. *Porter*, 7 Ala. 138; *Muller* v. *Boggs*, 25 Cal. 175; *Babbitt* v. *Johnson*, 15 Kan. 252; *Gibbons* v. *Gentry*, 20 Mo. 468; *Hope* v. *Sawyer*, 14 Ill. 254; *Abrams* v. *Ervin*, 9 Iowa, 87; *Talbott* v. *Hooser*, 12 Bush, 408; *Triplett* v. *Gill*, 7 J. J. Marsh. 440; *People* v. *Powers*, 19 Abbott's Pr. 99.

VANDERBURGH, J. It is conceded that upon the merits, and as respects the principal question involved, this case is ruled by *Webster* v. *Luther*, 50 Minn. 77, (52 N. W. Rep. 271.) A single other question is raised upon an exception to the reception in evidence of a power of attorney purporting to have been acknowledged before the clerk of the circuit court of Volusia county, Fla., acting through his deputy.

The certificate of acknowledgment is under seal, and is attested as follows:

"In witness whereof I have hereunto set my hand and affixed my official seal in said county, the day and year in this certificate first above written.

"JOHN M. DURKINS,

{ Seal of }    "Clerk Circuit Court, Volusia Co., Fla.<br>
{ Court. }       "By L. THOMPSON, Dep'y."

The statute (1878 G. S. ch. 40, § 7, subd. 2) provides for the acknowledgment of deeds before clerks of courts of record of sister states, and section 9 dispenses with the necessity of further proof or certificate in such case. The seal is presumptive evidence of the genuineness of the signature of the clerk by his deputy, and we are agreed that since, in general, a deputy may perform any ministerial act which his principal is authorized to do, the acts of the deputy in the name of his principal are to be treated as the acts of the principal officer in this case.

The presumption is that the acknowledgment was regular, and properly authorized.

We do not think any significance is to be attached to the fact that deputy clerks are not specially named in the statute as authorized to take acknowledgments of deeds outside of the state, because the rule is, as before stated, that the acts of the deputy have the same force as though performed by his principal in person. The authority is given to the principal, and is exercised by himself or his deputy, (5 Amer. & Eng. Enc. Law, 624, and cases;) and the certificate in this form, under seal, is presumptive evidence of the authority of the deputy, and the validity of his acts, (*Hope* v. *Sawyer*, 14 Ill. 254; Webb, Record Titles, § 62.)

Order affirmed.

(Opinion published 53 N. W. Rep. 870.)

NOTE. At the same time the case of GEORGE F. PIPER *vs.* CHIPPEWA IRON CO. was submitted on briefs by the same counsel. It involved the title to the east half of the northeast quarter of section twenty (20) in the same township and range.

The legal questions in this action, except the form of the acknowledgment of the execution of the power of attorney, were the same as in the foregoing action, and were disposed of by VANDERBURGH, J., by reference to the foregoing opinion.—[Reporter.

(Opinion published 54 N. W. Rep. 486.)

