THOMAS WATTS

*v.*

SANGAMON COUNTY.

*Opinion filed October 24, 1904.*

APPEALS AND ERRORS—*appeal in mandamus should be taken as in other cases at law.* An appeal from a judgment of the circuit court sustaining a demurrer to a petition for *mandamus* should be taken to the Appellate Court as in other cases at law, in the absence of any of the conditions giving the Supreme Court jurisdiction of a direct appeal.

APPEAL from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

GEORGE A. SANDERS, for appellant.

W. E. SHUTT, Jr., State's Attorney, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

Appellant, Thomas Watts, presented his petition to the circuit court of Sangamon county for a writ of *mandamus* against Sangamon county praying for an order on the county treasurer to pay his bill of costs incurred in a certain criminal proceeding wherein appellant was convicted and sentenced to the penitentiary from said county, setting up in the petition that the Supreme Court of the State of Illinois reversed and remanded said cause, alleging that the judgment entered by said Supreme Court provided that said appellant should have and recover from said defendant in error his costs by him in his behalf expended, etc. A demurrer having been filed and sustained to the petition, appellant appeals direct to this court.

A writ of *mandamus* being nothing more than an action at law, an appeal should be taken in the same manner and to the same court as other actions at law. Section 10 of

chapter 87, (Hurd's Stat. 1899,) under the head of Mandamus, provides: "Appeals and writs of error may be taken and prosecuted in the same manner, upon the same terms, and with like effect as in other civil cases." Under this statute we think the appeal should have been taken to the Appellate Court.

While appellant, in his brief, has discussed and directed the attention of the court to certain provisions of the constitution of 1870, and to prior constitutions, which he asserts have some application to this case, and also discusses certain statutory enactments in reference to the payment of costs in criminal cases, we are unable to see that any question that might call for the construction of the constitution is raised that has not already been passed upon in *Carpenter* v. *People,* 3 Gilm. 147, *Wells* v. *McCullock,* 13 Ill. 606, *McArthur* v. *Artz,* 129 id. 352, and *Anderson* v. *Schubert,* 158 id. 75. The validity of no statute is questioned, and one or the other of such questions must be involved to give this court jurisdiction.

The appeal will therefore be dismissed, and appellant will be permitted to withdraw his record filed in this court.

*Appeal dismissed.*