William H. Atton, Appellee, vs. The South Chicago City Railway Company, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 2, 1908.*

1. Statutes—*when the rule that statute is presumed to be re-enacted in view of former construction does not apply.* The rule that where a statute which has been judicially construed is re-enacted in substantially the same words it will be presumed that it was re-enacted in view of such former construction does not apply where the language of the new statute, construed in the light of the context, indicates a different legislative intention.

2. Same—*when section 121 of Practice act must control.* As to that class of cases in which the right to appeal from the Appellate Court to the Supreme Court depends upon the amount involved, section 121 of the Practice act of 1907 must control without reference to section 8 of the Appellate Court act; but appeals and writs of error in other cases provided for in said section 8 are unaffected by the new Practice act.

3. Appeals and Errors—*appeal not allowed under section 121 of Practice act of 1907 unless amount exceeds $1000.* Section 121 of the Practice act of 1907, providing for appeals from the Appellate Court to the Supreme Court where the sum or value in controversy exceeds $1000, excludes appeals in cases where such sum or value is an even $1000 or less, unless a certificate of importance is obtained under section 119 of such act.

Appeal from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. W. N. Gemmill, Judge, presiding.

Morrison & Brown, for appellant.

James L. Bynum, and Charles C. Spencer, for appellee.

Mr. Justice Vickers delivered the opinion of the court:

William H. Atton brought an action of case against the South Chicago Street Railway Company, in the municipal court of Chicago, to recover damages for personal in-

juries alleged to have been sustained by him as a result of appellant's negligence. A judgment was rendered in the municipal court in favor of the plaintiff below for $1000, and that judgment has been affirmed by the Appellate Court for the First District, and the defendant below has prosecuted a further appeal to this court.

Appellee has entered his motion to dismiss the appeal in this court on the ground that the amount in controversy does not exceed $1000, exclusive of costs. This motion has been taken with the case.

Section 8 of the Appellate Court act and section 90 of the old Practice act being construed together, it has heretofore been the accepted construction of the two acts that appeals would lie from the Appellate Court to this court where the amount of the judgment, exclusive of costs, was just $1000. Section 121 of the new Practice act is identical in language with section 90 of the old Practice act. It is contended that section 121 must receive the same construction given to section 90 of the old Practice act. The general rule no doubt is, that where the legislature enacts a provision of the law in almost the same words as a previous law which has been judicially construed, it will be presumed that such provision was re-enacted in view of such former construction. (*Kirby* v. *Runals,* 140 Ill. 289; *Kelley* v. *Northern Trust Co.* 190 id. 401; *McGann* v. *People,* 194 id. 526; Endlich on Interpretation of Statutes, p. 515.) The rule established by these cases has no application where the language of the new act, when construed in the light of the context, indicates a different legislative intention. In Sutherland on Statutory Construction (sec. 395) it is said: "And if the legislature uses words which have received a judicial interpretation they are presumed to be used in that sense, unless the contrary intent can be gathered from the statute." Again, in section 403, the same author says: "Where a statute is amended, and re-enacted as amended,

the words and provisions 're-enacted without change' do not necessarily have the same meaning which was before placed upon them by the courts. The amendments made may require a modification of such construction."

In our opinion the construction heretofore placed on section 90 of the old Practice act cannot be applied to section 121 of the new Practice act, for the reason that language found in the new Practice act indicates a contrary intention. It cannot be denied that section 121 of the new Practice act is plain and unambiguous. It clearly provides for appeals from the Appellate Court to the Supreme Court where the sum or value in controversy *"exceeds $1000."* Of course, it cannot be contended that $1000 is a sum exceeding $1000. By reference to section 119 of the new Practice act it will be found that there is a provision there made for cases being appealed from the Appellate to the Supreme Court by a certificate of importance. The class of cases in which a certificate of importance is necessary are cases in which an appeal is *"not allowed by this act."* Appeals are only allowed by section 121 to this court where the amount in controversy exceeds $1000. If appeals are only allowed by the new Practice act in cases where the amount in controversy exceeds $1000, and if a certificate of importance must be obtained in all cases except in appeals provided for *by this act,* it follows that a case where the judgment is an even $1000 is one wherein an appeal is not provided for by the new Practice act, hence it can only come to this court upon a certificate of importance, in accordance with section 119 of the new Practice act.

We are also of the opinion that the view herein expressed is further strengthened by section 91 of the new Practice act, which provides as follows: "Appeals shall lie to and writs of error from, the Appellate and Supreme Courts, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior

court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceedings at law or in chancery. Appeals or writs of error in this section allowed shall be subject to the *limitations of this act provided* and to the conditions imposed by law." This section is an express legislative declaration that all appeals or writs of error therein allowed shall be subject to "the limitations of this act," that is, subject to the limitations of the new Practice act. While the Appellate Court is not mentioned in the enumeration of the courts from which appeals may be prosecuted, yet it is clearly embraced within the language "other courts from which appeals and to which writs of error may be allowed by law." Section 90 of the old Practice act, standing alone, never could have been construed as authorizing an appeal from the Appellate Court to this court in a case where the judgment was an even thousand dollars. It was only by construing that section in connection with section 8 of the Appellate Court act that such result was reached. We are of the opinion that as to that class of cases in which the right to an appeal from the Appellate Court to this court depends on the amount of the judgment appealed from, section 121 of the new Practice act must control. Under that section, as we have seen, the judgment must exceed $1000 to justify an appeal or writ of error without a certificate of importance. Appeals and writs of error in other cases provided for in section 8 of the Appellate Court act are unaffected by the new Practice act.

This court has no jurisdiction of this appeal. The motion to dismiss will therefore be sustained.

*Appeal dismissed.*