SARAH R. DALE, Defendant in Error, vs. THE MODERN WOODMEN OF AMERICA, Plaintiff in Error.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

APPEALS AND ERRORS—*writ of error does not lie to Appellate Court if sum in controversy does not exceed $1000.* In the absence of a certificate of importance by the Appellate Court a writ of error will not lie from the Supreme Court to the Appellate Court under section 121 of the Practice act of 1907, where the sum or value in controversy does not exceed $1000, exclusive of costs.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Gallatin county; the Hon. JACOB R. CREIGHTON, Judge, presiding.

TRUMAN PLANTZ, and WILLIAM H. HARTZELL, for plaintiff in error.

W. R. McKERNON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to reverse a judgment of the Appellate Court for the Fourth District affirming a judgment for $1000, recovered against the plaintiff in error in an action of assumpsit in the circuit court of Gallatin county.

Section 121 of the Practice act (Laws of 1907, p. 468,) provides that in all cases where the sum or value in the controversy shall exceed $1000, exclusive of costs, any party to such cause shall be permitted to remove the same to the Supreme Court by appeal or writ of error. We have held that under this section neither an appeal nor a writ of error would lie to review the judgment of the Appellate Court in cases of this character where said judgment did not exceed $1000. (*Atton v. South Chicago City Railroad Co.* 236 Ill. 507.) By expressly allowing a writ of error

in cases where the amount in controversy exceeds $1000 the legislature has denied it in all other cases. The inclusion of cases where the amount in controversy exceeds $1000 excludes all other cases, and any other construction would require the rejection of the words "or writ of error" from the section as meaningless. In this case there is no certificate of importance. This court has, therefore, no jurisdiction to review the judgment of the Appellate Court, and the writ of error will be dismissed.        *Writ dismissed.*