[No. 5727.]

HALBOUER v. CUENIN ET AL.

1. **Conveyances—Acknowledgment—Certificate of Deputy—** The deputy of the clerk of a court of record, or the county clerk, taking an acknowledgment, may certify it either in the name of his principal or in his own name.—(510)

2. **Tax Deed—Description of the Lands—**A substantial compliance with the statute is sufficient.—(511)

3. **General Finding—Construction—**A general finding implies all facts necessary to support the judgment.—(511)

4. **Cases Overruled Distinguished or Doubted—**Expressions in the opinion in Williams v. Conroy, 35 Colo. 117, and in Mitchell v. Titus, 33 Colo. 385, as to the effect of a tax deed upon the possession of vacant lands, examined and reconciled.—(512, 513)

5. **Appeals—Presumptions to Support Judgment—**In a cause tried without a jury, it will be presumed upon appeal that the court below found all the facts necessary to support the judgment.—(515)

6. **Limitations—Tax Deed—**One holding a tax deed to vacant lands is entitled to the benefit of the short statute of limitations, Mills' Stats., § 3904.—(511)

*Appeal from Mesa District Court*—Hon. THERON STEVENS, Judge.

Mr. J. S. CARNAHAN, Mr. S. N. WHEELER, and Mr. PAUL M. CLARK, for appellants.

Messrs. McMULLIN & STERNBERG, Mr. MILTON SMITH, and Mr. CHAS. R. BROCK, for appellee..

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The dispute is over a tract of land in the city of Grand Junction, ownership and possession of which both the plaintiffs and the defendant claim, the

former by a title based upon three tax deeds designated in the record as Exhibits "B," "C," and "D," the latter through a tax deed, and as grantee in a quitclaim deed from the heirs of the patentee. This action, in the ordinary form, is the code action for the recovery of the possession of real property. On trial to the court without a jury the findings were for plaintiffs, and defendant has appealed.

The trial court adjudged plaintiffs' Exhibits "B" and "C" void, and held that Exhibit "D," a tax deed issued and delivered to plaintiffs' ancestor in September, 1890, by virtue of our short statute of limitations, 2 Mills' Ann. Stats., § 3904, vested title in him, which has descended to plaintiffs as his heirs at law. Defendant says that Exhibit "D" was inadmissible in evidence, because the acknowledgment was not properly certified and the deed itself is lacking in that particularity of description which our statute makes essential to its validity. The solution of these questions is decisive of the case, because, if the deed is valid on its face the title of the original owner is thereby divested by the running of our short statute of limitations. Under a similar state of facts, in *Williams v. Conroy*, 35 Colo. 117, like effect was given to a tax deed. If, then, this tax deed is valid, it makes worthless defendant's supposed title derived from the patentee by quitclaim deed of date subsequent to the vesting of title in plaintiffs. We proceed then to discuss the two objections urged.

The certificate of acknowledgment was in the following form:

"I hereby certify that before me, A. J. McCune, county clerk in and for said county,  *  *  *

"Given under my hand and official seal this 29th day of September, A. D. 1890.

"A. J. McCUNE, County Clerk.

"By FRANK J. McCLINTOCK, Deputy."

Defendant says that if the acknowledgment was before the county clerk, as the recital states, the certificate should have been made by him as clerk; and if it was, in fact, before the deputy the certificate should have been by the latter, as deputy, and not in the name of his principal by himself as deputy. *Palmer v. McCarthy,* 2 Col. App. 422, is cited. The validity of a general deed of assignment was involved in that case, and the instrument was held void because, *inter alia,* the accompanying inventory was not properly verified. The court apparently held that where, as in that case, the oath was administered by the county clerk, in person, the certificate, in the name of the principal, by the deputy clerk was not a compliance with the statute. It is not entirely clear from the opinion, upon what ground the decision that the certificate was defective was based, for it seems that the court was of opinion the deed of assignment did not show, on its face, any certificate at all, either by the clerk or by the deputy, that an oath was administered to the assignor. Whether, under the special statute then under consideration, *Palmer v. McCarthy* was well decided we need not determine. It is not authority for the proposition contended for here, that the deputy county clerk may not certify in the name of his principal by himself as deputy an acknowledgment of a deed taken before him as deputy. By section 684, Rev. Stats. Colo. 1908, acknowledgments of deeds may be taken ''before the clerk and recorder of any county, or his deputy, such clerk or deputy clerk certifying the same under the seal of such county.'' In *Waddingham v. Dickson,* 17 Colo. 223, p. 230, it was held, under this provision, that the deputy might make such certificate of acknowledgment in his own name; but it was not held that the certificate might not also be made in the name of the principal by the deputy.

At the common law the deputy might do so. We interpret this statute not as taking away from, but as enlarging, the powers of the deputy. Its proper construction is that the deputy clerk of a court of record, or of the county clerk and recorder may, in certifying an acknowledgment taken before him, certify the same in the name of his principal by himself as deputy, or in his own name as deputy. The great weight of authority is in support of this ruling. The following among others may be cited: 1 Devlin on Deeds, sec. 474; *Summer v. Mitchell*, 29 Fla. 179, 218, 219; *Abrams v. Ervin*, 9 Ia. 87; *Hope v. Sawyer*, 14 Ill. 254; *Piper v. Chippewa Iron Co.*, 51 Minn. 495; *Platt v. Rowand*, 45 So. Rep. 32; *Small v. Field*, 102 Mo. 104; *Muller v. Boggs*, 25 Cal. 175, 186; *Talbott's Devisees v. Hooser*, 75 Ky. 408; *State v. Rosener*, 8 Wash. 42; *State v. Devine*, 6 Wash. 587; *Crombie v. Little*, 47 Minn. 581; *Gillig, Mott & Co. v. Independent G. & S. M. Co.*, 1 Nev. 247.

In *Wilkerson v. Dennison*, 80 S. W. Rep. 765 (113 Tenn. 237), the supreme court of Tennessee, after observing that that part of the opinion in *Beaumont v. Yeatman*, 8 Humph. 542, on which defendant in the case at bar relies, was mere dictum, held that a certificate such as the one under consideration is proper.

The second objection is with reference to the description of the property. If we understand the argument of counsel the point sought to be made is that the draughtsman failed to observe the statutory form prescribed for such an instrument, in this, that the first description in the deed, being that which designates the land subject to taxation, and as actually taxed, is not clearly identified as that which later on is described as having been bid in and sold, and by the deed conveyed. The careful examination of this instrument which we have made has not given

rise to any uncertainty on this point, and only by counsels' argument are we advised that the vice of ambiguity can be imputed to it. Either we misapprehend the objection or fail to appreciate its force. We think the deed shows that an undivided three-fourths in a certain tract of land was subject to taxation; that a tax was levied on it; that the same tract was offered for sale, bought in, and sold and conveyed. If there is anything indefinite or uncertain about such descriptions, we are unable to discover it. The statute, in the particular mentioned, was substantially complied with, and that is enough.—*Seymour v. Deisher*, 33 Colo. 349. It therefore follows that the deed was admissible in evidence.—*Lines v. Digges*, 43 Colo. 166, 95 Pac. 341, is quite in point.

The trial court found the issues generally for plaintiffs, and we are entitled to presume that all the facts in issue which were necessary to uphold the judgment were made in their favor. The evidence is conflicting as to the question of possession, but the court must have found that this tract of land, at all times which are material in this controversy, was never in the actual possession of any of the parties. The statute of limitations is therefore to be applied to a tax deed of vacant and unoccupied land. This case was once before this court and is reported in 32 Colo., p. 51. After the second trial in *Williams v. Conroy, supra,* a case in its facts the same as the case at bar with reference to the statute of limitations, it was held, as already stated, that a title, such as the one on which the plaintiffs rely, became vested under our short statute of limitation. This case was followed in *Wood v. McCombe*, 37 Colo. 174, 182, et seq., and is to be regarded as the law in this jurisdiction.

In this connection we deem it fitting to remove any possible misapprehension which may exist concerning a statement in the reported opinion in the

*Williams case* which might be taken as inconsistent with a statement in the opinion in *Mitchell v. Titus,* 33 Colo. 385. In the *Mitchell case.* the court, speaking by Gunter, J., said:

"The tax deed did not operate to give defendant constructive possession of the lots."

In the Williams opinion we find this:

"Furthermore, our statute does not require possession to be taken of land by the purchaser at a tax sale as an essential condition to the running of the statute of limitations. *The tax deed draws to it constructive possession of unoccupied land,* and it may be, though such a case is not before us, that where to maintain the action a plaintiff must have actual or constructive possession, or where some other statute of limitations requires possession to be taken, the absence of the one or the divestiture of the other may injuriously affect the tax purchaser's rights when he attempts to enforce them in an action. But such conditions and such state of facts are not here present."

The rule is familiar, that general language in an opinion is to be taken in connection with the facts of the particular case. The qualifying language, immediately following the italicized sentence, shows that if the observations in the two opinions when removed from their context are contradictory they are, nevertheless, correct declarations in the connection where used, and the declaration in the *Williams case* was with full knowledge of the language herein quoted from the *Mitchell case.* To make the matter entirely clear we call attention to the difference in the character of the actions and the issues therein. . When this is borne in mind there will be found to be no real conflict between the two statements. In both cases the lands in controversy were vacant. In the *Mitchell case* the action was under the code to quiet title to real estate, possession of which by plaintiff

when the action is begun is required by section 255. The court said that ownership in fee in the plaintiff carried with it the right of possession for the purpose of that action, "in the absence of actual entry and adverse possession taken by another." The defense there was actual entry and adverse possession under a tax deed, not title vested as the result of the running of the statute of limitations thereunder, and the court said that the asserted acts of possession under the tax deed, did not operate as a *disseizin* of plaintiff, and then used the foregoing first quoted language.

In the *Williams case* each party claimed ownership and possession under a different tax deed. The action was the ordinary code action for the recovery of possession of real estate. Plaintiff claimed that his title was vested by the running of the statute of limitations, after issue and delivery to him of a tax deed, and defendant relied on a similar tax deed and a quitclaim deed from the original patentee owner. No question of pleading was raised. The hearing was on an agreed statement of facts, and it was held that taking possession by the tax purchaser of vacant land is not made essential to start running the statute of limitations in his favor, but that the tax deed draws to it constructive possession thereof.

Keeping in mind the difference in the character of the actions, and the different defenses involved, it is clear that what the court meant in the *Williams case* by saying that constructive possession followed the tax deed, was that the tax deed had the effect of constructive possession of vacant land, if possession was necessary to set running the statute of limitations under the facts then before the court. In the *Mitchell case,* being one to quiet title, the statement that the tax deed does not draw to it constructive possession, was intended to convey the thought that

33

the tax deed did not operate to give defendant such constructive possession of the lots as would constitute the same an actual entry and adverse possession, sufficient to oust the plaintiff of the constructive possession which follows ownership in fee. The one observation, in an action to quiet title, was with reference to the defense of actual entry and adverse possession; the other, in ejectment, was concerning a plea of title to unoccupied land under the statute of limitations. It thus appears that the statements which, taken by themselves, might seem to be inconsistent, are harmonious and entirely proper as applied to the character of action and the issues which were being determined.

Our conclusion is that plaintiffs' Exhibit "D" confers a good title upon them. For this reason we have not considered their cross-assignments of error to the ruling of the court excluding Exhibits "B" and "C."

It would seem from the record that at the trial defendant abandoned his claim of title under a tax deed and relied altogether upon a quitclaim deed from the heirs of the original patent owner. Various objections were made by plaintiffs to the evidence produced to prove these titles, but our holding that plaintiffs' Exhibit "D" gives them a title which is earlier and superior to defendant's renders unnecessary any consideration of the alleged defects in defendant's proofs. Other questions discussed by counsel, such as an excessive levy, are wholly immaterial in the light of the foregoing.

The court required plaintiffs, as a condition to the taking effect of the judgment, to pay with interest to the defendant the amount of the taxes levied and which he had theretofore paid upon this property while he was asserting title thereto. Before, as well as after, defendant received his quitclaim deed, and

after receipt of a tax deed, he paid taxes upon this property; but whether under his contract rights with the original owner, or under the antagonistic title, evidenced by the tax deed, the record may be uncertain. We shall assume, however, that the court made the necessary findings of fact with respect to this issue to sustain its judgment in this particular. The defendant, however, says that the court should have ascertained the exact amount of this tax and that the failure to embody it in the judgment is irregular. In affirming the judgment we shall send the cause back to the district court for an accounting to be had to ascertain the amount of taxes and interest which plaintiffs are required to pay. The judgment is affirmed and the cause remanded for the purpose indicated.                    *Affirmed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.