THE PEOPLE *ex rel.* Charles F. Easterday, Plaintiff in Error, *vs.* JAMES S. McCULLOUGH, Defendant in Error.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*limits of right to review judgment of the Appellate Court where action is to recover money.* In actions brought for the recovery of money or property the Practice act limits the right to a review of the judgment of the Appellate Court by appeal or writ of error to cases where the sum or value in controversy exceeds $1000, exclusive of costs.

2. SAME—*form of action is not material if it is for recovery of money.* The fact that the form of an action for the recovery of money is a *mandamus* suit to compel the Auditor of Public Accounts to issue a warrant for the amount claimed to be due the petitioner for visiting schools as county superintendent, does not render the judgment of the Appellate Court reviewable by the Supreme Court under section 8 of the Appellate Court act, upon the theory that it is an action to require a public officer to perform his duty and not a suit to recover money.

3. SAME—*fact that Supreme Court has original jurisdiction in mandamus does not establish appellate jurisdiction.* The fact that the constitution gives the Supreme Court original jurisdiction of *mandamus* proceedings in certain cases does not establish its appellate jurisdiction to review a judgment of the Appellate Court in *mandamus* proceedings, irrespective of the matters involved, as appellate jurisdiction in such cases is regulated by the Practice act.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

BROWN & BURNSIDE, for plaintiff in error.

W. H. STEAD, Attorney General, (JOEL C. FITCH, and CHARLES E. WOODWARD, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Sangamon county sustained the demurrer of James S. McCullough, Auditor of Public Accounts, to the petition filed in the name of the People, upon the relation of Charles F. Easterday, county superintendent of schools of Fayette county, praying for a peremptory writ of *mandamus* commanding said Auditor to issue and deliver to the relator a warrant on the State Treasurer for $41 for the expenses of the relator in visiting schools in Fayette county. The relator elected to stand by his petition, whereupon it was dismissed at his costs, and he sued out a writ of error from the Appellate Court for the Third District to review the judgment. The Appellate Court affirmed the judgment, and the writ of error in this case was sued out from this court to bring the record here from the Appellate Court. The Attorney General has made a motion to dismiss the writ of error.

The petition set forth that the relator, during the quarter year ending March 3, 1907, had visited the public schools of Fayette county forty-one days, and had become entitled to receive $41 from the State school fund due to said county; that the board of supervisors of said county audited and allowed the claim, which was duly certified to the Auditor of Public Accounts, and that the Auditor re-

fused to issue and deliver to the relator a warrant upon the State Treasurer for the payment of said amount. The sole object of the proceeding was to recover $41 claimed by the relator for his expenses in visiting schools, and the only question involved was whether he was entitled by law to that sum of money. In actions brought for the recovery of money or property, the Practice act limits the right to a review of the judgment of the Appellate Court by appeal or writ of error to cases where the sum or value in the controversy exceeds $1000, exclusive of costs. (*Atton* v. *South Chicago City Railway Co.* 236 Ill. 507.) That act does not permit a writ of error in this case. But it is contended that the writ is authorized by section 8 of the Appellate Court act, because the action is merely to require a public officer to perform his duty. The method of payment in case the relator was entitled to the money was for the Auditor to issue his warrant upon the State Treasurer, and it was for that reason the action took the form of a petition for writ of *mandamus* to compel the Auditor to issue and deliver the warrant. The essential nature of the suit was not changed by the form of action, and the supposed public duty, if it existed, was merely a duty to the relator to issue a warrant by which he might obtain payment of what he claimed to be due him. The action was for a money demand, and not to secure some right of a different character.

It is further insisted that this court has jurisdiction of the case when brought here through the Appellate Court, for the reason that the court has original jurisdiction in actions of *mandamus.* The constitution confers original jurisdiction on this court in *mandamus* in order that the court may have power to protect the rights, interests and franchises of the State and the rights and interests of the whole people, to enforce the performance of high official duties affecting the public at large, and, in emergency, to assume jurisdiction of cases affecting local public interests or private rights where there is no other adequate remedy and

the exercise of such jurisdiction is necessary to prevent a failure of justice. (*People* v. *City of Chicago,* 193 Ill. 507.) This case does not come within the classes mentioned, and if it did, there would be no appellate jurisdiction in the court. The appellate jurisdiction in cases like this is regulated by the Practice act, which does not authorize a writ of error.

The motion to dismiss the writ of error is allowed and the writ is dismissed.                    *Writ dismissed.*