SAMUEL KNIGHT *et al.* Appellants, *vs.* THE PARTRIDGE DRAINAGE DISTRICT *et al.* Appellees.

*Opinion filed June 18, 1913.*

</div>

1. MANDAMUS—*review of mandamus suit is governed by Practice act.* A proceeding for a writ of *mandamus* is a suit at law, and is controlled, so far as the right of review is concerned, by the Practice act, under which there can be no direct review by the Supreme Court unless the case involves one or more of the jurisdictional questions mentioned in section 118 of such act.

2. SAME—*when mandamus suit does not relate to the revenue.* A *mandamus* suit to compel drainage commissioners to re-build certain highway bridges, and, if they are without funds, to compel them to levy a special assessment, does not, by reason of the special assessment feature, authorize a direct review by the Supreme Court, as being a case relating to the revenue.

3. SAME—*case must relate to revenue directly.* To authorize a direct review by the Supreme Court upon the ground that the case relates to the revenue it is necessary that the case shall relate directly to the revenue, and is not enough that there is an incidental or remote relation thereto.

APPEAL from the Circuit Court of White county; the Hon. E. E. NEWLIN, Judge, presiding.

JAMES M. ENDICOTT, (JOE A. PEARCE, of counsel,) for appellants.

CONGER, PEARCE & CONGER, for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The commissioners of highways of the town of Phillips, in White county, and the town of Phillips, filed a petition for a writ of *mandamus* against the Partridge Drainage District No. 1 in White county, and the three persons who were acting as commissioners of said district, to compel the said drainage commissioners to erect suitable bridges at the points marked "A" and "B" on a plat, where old bridges across Brown branch had been removed by the drainage commissioners in the construction of the main drainage channel of said drainage district. The respondents appeared and filed a demurrer to the petition, which was sustained, and the petitioners electing to stand by their petition, the same was dismissed and a judgment for costs rendered against the petitioners. The petitioners have prosecuted an appeal direct to this court to obtain a review of the judgment sustaining the demurrer and dismissing the petition.

The petition describes two public highways, one of which is known as Britton road, which said highway crosses Brown branch at a point designated on the plat as "A." The other road is known as Pond road, which is a public highway and crosses said Brown branch at a point designated on the plat by the letter "B." The petition alleges the due organization of the Partridge Drainage District, and shows that said drainage district selected and adopted the general course of Brown branch for its main drainage channel; that said Brown branch crossed both of the above

mentioned highways, and that suitable and sufficient bridges had been constructed by the highway commissioners on each of said roads across said Brown branch. It is alleged in the petition that in constructing the main ditch along Brown branch it became necessary to enlarge the natural channel at the points where said branch crosses the two highways mentioned, and that the drainage commissioners removed the highway bridges and enlarged the natural channel, and they now refuse, after proper demand, to replace the said bridges. The prayer of the petition is that the drainage commissioners be required forthwith to erect suitable bridges on the highway at the places from which the old bridges were removed. The sole question presented is whether, under the facts stated in said petition, the duty to reconstruct these bridges rests upon the drainage district. The drainage district is organized under the Levee act.

We have carefully considered the questions involved in this appeal and are forced to the conclusion that this court is without jurisdiction, on direct appeal, to decide the questions raised upon this record. The case does not involve either a franchise or a freehold, nor is the validity of a statute or the construction of the constitution involved, and the case does not relate to the revenue. In *Watts* v. *Sangamon County*, 212 Ill. 86, this court held that an appeal from a judgment of the circuit court sustaining a demurrer to a petition for *mandamus* should be taken to the Appellate Court as in other cases at law, in the absence of any of the conditions giving this court jurisdiction by direct appeal. *People* v. *McCullough*, 239 Ill. 552, was a petition against the Auditor of Public Accounts to compel him to issue a warrant to a county superintendent of schools for an amount claimed to be due the petitioner for visiting the schools as county superintendent. There was a demurrer sustained to the petition and an appeal to the Appellate Court. A writ of error sued out of this court to the Appellate Court was dismissed on the ground that the judgment of the Appellate

Court was final. It was there held that the appellate juris-
diction of this court in *mandamus* proceedings was, like
other cases at law, controlled by the Practice act, and that
that act conferred no jurisdiction to issue a writ of error
in that particular case. These authorities establish the
proposition that a *mandamus* proceeding is an action at law,
and is controlled, in so far as the right of review is con-
cerned, by the Practice act, from which it follows that in
order to give this court jurisdiction by direct appeal the
case must involve some of the jurisdictional questions men-
tioned in section 118 of the Practice act.

There is an alternative prayer in the petition that in case
said drainage district is without funds to build the bridges
in question, the commissioners be required, by *mandamus,*
to levy a special assessment to create a fund for that pur-
pose. The mere circumstance that under this prayer of the
petition the drainage commissioners might be compelled to
levy a special assessment to pay for the bridges in question
does not give this court jurisdiction on the ground that it
is a case relating to the revenue. In *Reed* v. *Village of
Chatsworth,* 201 Ill. 480, this court held that a controversy
between two municipalities over the right to receive a tax
already collected did not relate to the revenue. On page 482
this court said: "Our view is that the question of revenue
can only be at issue when some recognized authority of the
State or some of the municipalities authorized by law to
assess or collect taxes are attempting to proceed under the
law and questions arise between them and those of whom
the taxes are demanded. Here the tax is already collected
and in the hands of the county treasurer, and no question
arises between those who levied the tax and those who paid
it." In *Wells* v. *Rogers,* 196 Ill. 292, this court held that
a bill to enjoin the payment of money collected on a spe-
cial assessment, to the contractors, on the ground that the
work and material in the improvement were defective and

that the contract was not let by competitive bidding, was not a case relating to the revenue, and the appeal was dismissed. It was there said that in order to give this court jurisdiction under the Practice act the case must relate directly to the revenue, and not merely incidentally or remotely. See, also, *Hodge* v. *People,* 96 Ill. 423, and *Board of Supervisors* v. *People,* 159 id. 242.

The case of *People* v. *Hendee,* 199 Ill. 55, is more directly in point upon this question. That was a proceeding for *mandamus* against the county clerk to compel him to perform a duty in connection with the assessment of taxes. The only question involved was whether, under the statute, it was the duty of the clerk to prepare and furnish to the supervisor of assessments duplicate assessment books for personal as well as real property, and whether personal property should be listed for assessment in the same book with real estate. The point was urged upon this court that the case related to the revenue, and it was also suggested that the State was interested as a party or otherwise, but this court held that the revenue was only incidentally or remotely involved, if at all, citing *Wells* v. *Rogers, supra.* The appeal was dismissed for the want of jurisdiction.

Whether or not it is the duty of the drainage commissioners to levy a special assessment under the facts stated does not in any way concern the revenue. The sole question is whether, under the statute, the drainage district should bear the cost of replacing these bridges. The determination of that question does not even remotely relate to the revenue.

The cause will be transferred to the Appellate Court for the Fourth District.                    *Cause transferred.*