Robert Mitchell, Appellee, v. Howard W. Short, County Clerk of Winnebago County, Appellant.

Gen. No. 7,962.

Heard in this court at the October term, 1928. Opinion filed January 25, 1929.

WILLIAM D. KNIGHT, State's Attorney, and A. B. LOUISON, Assistant State's Attorney, for appellant.

WELSH & WELSH, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

A petition for a writ of mandamus was filed by appellee in the circuit court of Winnebago county to compel the appellant county clerk of said county to deliver to appellee a certain county order for $12 in payment of a claim allowed by the county board of said county. Upon demurrer to said petition being overruled, and appellant having elected to abide said demurrer, judgment was entered granting said writ as prayed. To reverse said judgment this appeal is prosecuted.

Said order was countersigned, "Frank H. Carson Treasurer by Clara M. Savage Deputy," and the primary question for determination is as to whether said order was countersigned as contemplated by statute.

Cahill's St. ch. 35, ¶ 10, subd. 3, provides: "Before any such order is delivered to the person for whose benefit it is drawn, the county clerk shall present the same to the county treasurer, who shall personally countersign the same."

Cahill's St. ch. 36, ¶¶ 7 and 8, provide: Section 7. "When any county order is presented to him to be countersigned, the county treasurer shall personally countersign the same, and shall also enter in a book, to be kept by him for that purpose, its number, date and amount, and the name of the person to whom the same is payable, and when any such order is paid, he shall cancel the same, and note the fact opposite such

entry." Section 8. "The county treasurer shall not countersign any county order before the same is filled up, nor until he shall have examined the records of the county board, and ascertained that the issuing of such order is warranted thereby."

It is contended by counsel for appellant that the statute first above quoted required that county orders of the character of the one here in question must be countersigned by the county treasurer in person. On the other hand, counsel for appellee insist that, in contemplation of said statute, such county orders are personally countersigned when so signed by a regularly appointed deputy. An examination of said petition discloses that the appointment of said deputy was in every way regular, and that she took the oath of office as required by statute, in fact, this is not questioned. No case directly in point has been cited either by appellant or by appellee, and we have been unable to find that this specific point has ever been passed upon by either the Supreme or the Appellate Courts. If the act of the county treasurer in countersigning such orders involves a matter of discretion to be exercised by him, then unquestionably appellee would be right in his contention. The act of a county treasurer, or like public officer, in the performance of the duties of such office is not a judicial or discretionary act but a ministerial act and, unless specifically limited, is one which may be performed by deputy.

While section 8 of the County Treasurer Act, Cahill's St. ch. 36, ¶ 8, above quoted provides that the county treasurer shall not countersign any county order before the same is filled up, nor until he shall have examined the records of said county board, and ascertained that the issuing of such order is warranted thereby, it does not thereby clothe said treasurer with judicial or discretionary powers. It is his duty when such order is regularly presented and he has made the

examination above required to countersign the same. If he refuses he may by writ of mandamus be compelled to so countersign the same. In other words, the act to be performed by him is not a judicial or discretionary act but is a ministerial one. See *Hughes v. Streeter*, 24 Ill. 647–649; *Gardner v. Bunn*, 132 Ill. 403–408; *People v. May*, 251 Ill. 54–57; 5 R. C. L. p. 626, § 12; 18 R. C. L. p. 252, § 172.

A deputy of a ministerial officer appointed under a statute which contains no limitations in that regard has all the powers of his principal officer, and an act performed by such deputy in the name of his principal is the act of the principal. *Hope v. Sawyer*, 14 Ill. 254; *Schott v. Youree*, 142 Ill. 233; *Woodward v. Donovan*, 167 Ill. App. 503; *Albert Pick & Co. v. Spoor*, 212 Ill. App. 612–614; 2 C. J. pp. 331–332; 11 C. J. p 913; 18 C. J. p. 785; 22 R. C. L. pp. 583–584.

Whatever the agent or deputy does lawfully in the transaction of business embraced within his agency is the act of the principal. *Qui facit per alium facit per se.*

In *Schott v. Youree, supra,* the court at page 244, in discussing a question of this character, says: "The record in evidence is certified in due form, under the seal of the court, but it is signed, 'J. R. McGready, clerk, by L. Laurent, deputy,' and counsel contend this is not a certificate 'under the hand of the clerk of the court,' as required by section 13, chapter 51, of the Revised Statutes of 1874, entitled 'Evidence and Depositions.' But the statute authorizes the clerk of the circuit court to appoint a deputy, (sec. 9, chap. 25, Rev. Stat. 1874, entitled 'Clerks of Courts,') and at the common law a deputy has power to do every act which his principal might do. (5 Comyn's Digest, title 'Deputy,' p. 195.) 'The authority given by law to a ministerial officer is given to the incumbent of the office. Authority is not given to the deputy, but to the principal, and is executed by the principal, either by

himself or his deputy.' (5 Am. and Eng. Ency. of Law, p. 624, and cases cited. ) The objection is destitute of merit.''

In *Hope v. Sawyer, supra,* the court at page 257 says: ''It is insisted that the certificate of acknowledgment on this deed is defective; in other words, that the acknowledgment should have been made before and certified by the clerk in person. The objection is not well founded. The acknowledgment purports to have been taken by the clerk; and it is certified in his name, and under the seal of the court. *Prima facie,* this is sufficient. The seal of the court proves itself; and we must presume that it was affixed by the proper officer. The presumption is that the clerk was authorized by the laws of Missouri to act through a deputy, and that Baker was regularly appointed as such. The deputy had the power to use the name of the clerk, and attach the seal of the court. The act of an agent within the scope of his authority and in the name of his principal, is as binding on the principal and third persons, as if performed by the principal personally. It is the act of the principal, and not of the agent. The certificate in question was none the less the act of the clerk, because made by his authorized deputy.''

In *Albert Pick & Co. v. Spoor,* 212 Ill. App. 612, a similar question arose with reference to an acknowledgment taken before the clerk of the municipal court of Chicago. The court in passing on the question said: ''We think there is no merit in this contention. The deputy clerk had the power to use the name of the clerk of the court. It was within the scope of his authority, and is binding on the principal and third parties the same as if performed by the clerk personally.''

In *Abrams v. Ervin,* 9 Iowa 87, the court in discussing a question of this character says:

''Where the duties of a public officer are of a ministerial character, they may be discharged by deputy. Duties of a judicial character, cannot be so discharged,

The clerk is a ministerial officer. When the law gives him power to appoint a deputy, such deputy, when created, may do any act that the principal might do. He cannot have less power than his principal. He has the right to subscribe the name of his principal; and the act of the deputy, in the name of the principal, within the scope of his authority is the act of his principal.''

There would be no semblance of ground for appellant's position under the above-mentioned authorities were it not for the fact that the statute uses the word "personally." The above-mentioned statute appears in the Revised Statutes of 1845. The statute as it then existed did not provide for the appointment of deputies by said county treasurers. However, in 1927, section 4 of the County Treasurer Act, Cahill's St. ch. 36, ¶ 4, was amended to provide:

"The county treasurer shall receive and safely keep the revenues and other public moneys of the county, and all money and funds authorized by law to be paid to him, and disburse the same pursuant to law. He may also appoint deputies, who shall take and subscribe the same oath for the discharge of their duties as is required of him, which oath shall be entered of record in the office of the county clerk. The treasurer shall, in all cases, be responsible for the acts of his deputies.''

Whatever may have been contemplated by the legislature in the act as originally passed, certainly since said amendment, it is clearly disclosed that the legislature intends that county treasurers may appoint deputies, and when such deputies are appointed that they shall, in the name of their principal, transact the business of the office.

Counsel for appellant insist, under the doctrine, that a writ of mandamus will not issue where the right thereto is doubtful; that the court was not warranted

in issuing said writ for the reason that the construction of said statute does not clearly disclose the authority of said deputy to so represent her principal. A doubt as to the law arising in connection with the construction of a statute does not justify a court in refusing to issue a writ of mandamus, where otherwise proper. It is the court's duty to solve such doubt. 18 R. C. L. p. 117, § 30; 38 C. J. 584–587; *People ex rel. German Ins. Co. v. Getzendaner,* 137 Ill. 234–262.

While the validity of a statute is for the Supreme Court, the construction of a statute is for the Appellate Court as well as the Supreme Court, where it properly comes before the Appellate Court. It is therefore our duty to construe the above statute and when construed to enforce it. *O'Brien v. Frazier,* 299 Ill. 325–327; see also *Watts v. Sangamon County,* 212 Ill. 86–87.

Counsel for appellant contends that while appellee may be entitled to an order properly signed by said county treasurer, he is not entitled to the specific order here involved. The allegations of the petition set forth that the order was regularly issued; that it was delivered to the county treasurer and countersigned as above set forth; that it was returned to the county clerk and that said county clerk refused to deliver the same solely on the ground that said order was not properly countersigned. We have held that the same was properly countersigned. It was therefore the duty of said clerk to deliver the same to appellee and a writ of mandamus will lie to compel such action.

The demurrer purported to be special as well as general. However, the purported special grounds of demurrer were not well taken, and appellant, in his argument, treated his demurrer as a general demurrer, going only to the merits of the case.

For the reasons above set forth the judgment of the trial court will be affirmed.

*Judgment affirmed.*