Nov. Term,
1837.

TAYLOR
v.
MEEK.

TAYLOR v. MEEK.

To an action of debt on a promissory note for the payment of 150 dollars at a future time, the defendant pleaded as to 50 dollars of the amount, that the consideration of the note was a previous debt of 100 dollars and a promise to delay its collection, and was therefore as to 50 dollars usurious. *Held*, that the promise for the forbearance as shown by the plea, being in writing and signed by the defendant, was valid under the statute of 1831.

The word *agreement* in the above-named statute relative to the payment of a higher interest, &c., like the same word in the statute of frauds respecting the payment of the debt of another, is used as synonymous with the word *promise*.

A contract respecting the payment of interest, made whilst the above-named statute was in force, must be governed by that statute.

Suit on a note by the payee, who had previously promised to receive certain goods, on, &c., at his own house in payment. Plea, that the goods were ready, on, &c., *at the defendant's house*, &c. *Held*, that the plea was bad.

*A.* owed *B.* 100 dollars, and gave his note with two sureties for the amount. Afterwards, in consideration of the forbearance of that debt and of the release of the sureties, *A.* gave his note to *B.* for the original debt and 50 dollars more, payable at a future time. *Held*, that the consideration for the whole of the latter note was valid.

A note for a certain sum was payable on the *27th of June*, 1833. The payee promised in writing, at the bottom of the note, to receive a certain number of steers in payment, provided they should be delivered by the *first of April*, 1833. *Held*, that if the maker failed to deliver the steers by the said first of *April*, and to pay the note when due, the payee's remedy was an action of debt or assumpsit on the note, for the non-payment of the money.

Saturday,
December 2.

ERROR to the *Randolph* Circuit Court.

BLACKFORD, J.—This was an action of debt, in which *Meek* was the plaintiff and *Taylor* the defendant. The action is founded on a promissory note, dated the 18th of *August*, 1832, by which the defendant promised to pay the plaintiff 150 dollars, on or before the 27th of *June*, 1833. At the foot of the note, and below the defendant's signature, there is written the following agreement: "The said *Meek* agrees to take 34 head of second rate steer calves in payment of the above note, to be delivered at my house, provided the said *Taylor* delivers the same by the *first of April next*, otherwise the above note to remain in full force and virtue. 18th *August*, 1832.— *George Meek*."

The defendant pleaded four pleas. 1. *Nil debet*. 2. That the note was given without any good or valuable consideration; concluding with a verification. 3. To 50 dollars of the

demand, that the consideration of the note is usurious in this, that at the date of the note, the defendant owed the plaintiff 100 dollars; and, in consideration that the plaintiff would delay the collection of the debt, the defendant executed the note, and upon no other consideration; wherefore as to 50 dollars the note is usurious. 4. That on the first of *April*, 1833, the defendant had, at his dwelling-house, 34 head of second rate steer calves, ready to be delivered to the plaintiff, and that he has been there always ready, and still 'is ready, to deliver them to the plaintiff in discharge of the note.

The plaintiff joined issue on the first plea. He replied to the second plea, that the note was given for a good and valuable consideration, concluding to the country. To the third and fourth pleas he also replied; and to the replications to those two pleas, the defendant filed a general demurrer.

The Circuit Court decided that the third and fourth pleas were bad. The cause was then submitted to the Court on the first two issues, and a judgment rendered for the plaintiff.

We are first to consider, whether the third plea is valid? This plea states that the original debt due by the defendant, at the date of the note, was 100 dollars; and that to obtain delay, the note was given for 150 dollars. It must be observed that, at the time this note was executed, the statute authorised any rate of interest to be taken, provided the agreement for it was in writing and signed by the party to be charged. Rev. Code, 1831, p. 290. So that this plea, if it shows on its face as the plaintiff contends it does, that the agreement for the interest complained of is in writing under the defendant's hand, it cannot be supported. The statement of the plea is, that the sum of 50 dollars, agreed to be paid for the forbearance of the original debt, is included in the note. If that be so, the promise to pay the 50 dollars is in writing and signed by the defendant; which is all that the statute requires. It is true, that the statute uses the word *agreement* instead of *promise*, and it is also true, that there are cases in *England* and in this country, in which, in construing one of the sections of the statute of frauds, a distinction has been supposed to exist between the meaning of these two words. There are also, however, several cases in the state Courts in which this distinction is held not to be well founded. It appears to us,

Nov. Term,
1837.

TAYLOR
v.
MEEK.

that the word *agreement*, both in our statute of frauds and in the statute of usury now under consideration, is used as synonymous with the word *promise;* and that the note before us, including, as the plea alleges, the 50 dollars for forbearance, is a valid agreement in writing for the payment of the interest complained of. It is not necessary that the written promise to be valid, should show the consideration for which it was made. The consequence of this construction of the statute is, that the agreement for the 50 dollars, which the plea attempts to impeach, is shown to be valid by the plea itself. The circumstance, that the law authorising such agreements for interest was changed before the note became due, makes no difference. The new statute does not affect the validity of contracts made before its passage.

The next question is as to the second plea. The agreement attached to the note is, that the amount might be discharged by the delivery on a certain day, *at the plaintiff's house*, of 34 steer calves. The plea is—a readiness to deliver the steer calves on the day, *at the defendant's house*. This plea is obviously bad.

With regard to the trial of the issues in fact, the first question raised is, whether the consideration of the note is sufficient? The facts as to the consideration are these:—*Meek* had lent *Taylor* 100 dollars, and had taken his note for the amount, with two sureties, payable 18 months after date. The sureties being dissatisfied, *Taylor* offered to execute his own note to *Meek* for 150 dollars, if he would release the sureties. *Meek* consented to the proposition, and the note in question was accordingly executed by the defendant. There can be no doubt, but that this consideration for the note is valid. The ground of the objection only applies to the consideration of the promise to pay the additional 50 dollars. If the only consideration for that promise had been the plaintiff's forbearance of payment of the original debt, until the time fixed for the payment of the note, that would have been a legal consideration. The only objection is, that it was a promise to pay more than the legal interest for the forbearance of payment of the original debt for the time agreed on. But an answer to that objection has already been given in a previous part of this opinion. The agreement complained of was authorised by the law which was in force when the agreement

was made. The truth is, however, that the giving time for the payment of the original debt, was not the only consideration of the defendant's promise to pay the additional 50 dollars. There was another consideration for that promise, which was of a different kind and equally as valid. That consideration was, the plaintiff's releasing, at the defendant's request, the *two* sureties who were previously bound for the original debt. By the release of those sureties, the plaintiff gave up such an advantage, and subjected himself to such a possibility of loss, as constituted a legal consideration for the promise in question.

The second question which arises out of the proceedings at the trial is, whether the plaintiff was entitled to recover the amount for which the note was given, or the value of the steers which he had agreed to receive in discharge of the note? With a view to this question, it was agreed by the parties that the steers were worth 100 dollars, at the time they were to have been delivered. There is one feature in the cause which very clearly settles this point. The note is for the payment of 150 dollars, and was a *bona fide* debt, founded, as we have shown, upon a legal consideration, and was made payable on the 2*7th of June*, 1833. The plaintiff agreed to receive the steers in discharge of the note, provided they should be delivered by the *first of April*, 1833, which was nearly three months before the note became due. It is evident, that the defendant's failure to deliver the steers on the day, did not give the plaintiff a cause of action. A suit for the non-delivery of the steers at the time the failure occurred, must have been founded on a breach of contract. Such an action, had it been brought, would have been at once defeated in consequence of the single fact, that the note, which contained the only contract made by the defendant with the plaintiff, was not yet due; and, of course, no breach of the defendant's contract could have then accrued. If the defendant neglected to avail himself of the privilege to deliver the steers on the *first of April*, 1833, and also failed to pay the note on the 2*7th of June* following, he then became liable to a suit, not however for the non-delivery of the steers, but for the non-payment of the 150 dollars due by the note.

There is one other objection made to the judgment; which is, that an action of debt will not lie in the case. Had this

been a contract for the payment of 150 dollars in steers, perhaps the objection would have been tenable. There are, certainly, several decisions to that effect. But this is a different case. Here is a note for the payment of a certain sum of money, executed on a valid consideration, and on which an action of debt will lie, unless the character of the note is changed, by the agreement attached to it, into a contract for a delivery of the steers. That agreement, however, as we have already stated, cannot have such an effect. The only action sustainable against the defendant, was for the recovery of the money due on the note when it became payable, and that was an action of debt or assumpsit at the election of the plaintiff.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

J. *Rariden*, and J. S. *Newman*, for the plaintiff.

J. *Perry*, for the defendant.