[No. 841.  Decided June 30, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. THOMAS DE-
VINE AND JOHN DOE, *Appellants*.

INFORMATION — SUFFICIENCY OF — VERIFICATION BEFORE DEPUTY
COUNTY CLERK.

An information is sufficient to show that the prosecution is in
the name of the state when the caption of the information entitles
the case as the "State of Washington against" the defendants,
naming them.

When the verification to an information is made by the prose-
cuting attorney before the deputy county clerk, it is proper that
the jurat should be signed by such officer in his own name; and it
is unnecessary that he sign, in such case, in the name of his princi-
pal by himself as deputy.

*Appeal from Superior Court, Whatcom County.*

*Oval Pirkey*, for appellants.

*Thomas G. Newman*, Prosecuting Attorney, for The
State.

The opinion of the court was delivered by

HOYT, J. — There was a suggestion by the appellants at
the oral argument that the information was void for the
reason that it did not appear therefrom that the prosecu-
tion was in the name or on behalf of the state.   This ob-
jection was not made in the brief of appellants, and for
that reason they were not entitled to be heard in regard
thereto, but in view of the fact that the argument went to
the extent of claiming that by reason of such omission the
court never had any jurisdiction of the subject matter, it
is best that we should pass upon the objection.   In the
caption of the information the case was entitled as the
State of Washington *v.* the defendants, naming them, and
we think that thereby it was sufficiently shown that the

prosecution was in the name of the State of Washington, and that the information was sufficient so far as that point is concerned.

The only other question presented for our determination is as to the sufficiency of the jurat of the officer before whom the information purported to have been verified. Such jurat is signed by the deputy county clerk of Whatcom county in his own name without any reference therein to his principal, and it is claimed on the part of the appellants that such being the fact it is as though no jurat whatever had been attached to the verification, and that the information stands as an unverified one. There is some question whether or not we would set aside a conviction regularly obtained in all other respects for the simple reason that the information upon which the trial was had had not been verified by the prosecuting attorney, but it is not necessary that we should decide that question now. It is conceded by the appellants that the person before whom the verification of the information was had was, as deputy county clerk, duly qualified to administer oaths, and that if he had done so in the name of his principal by himself as deputy the verification would be as good as though taken before the principal himself. Upon principle, we are unable to see any reason for the distinction claimed by the appellants. If the deputy is authorized to administer the oath, and the person appears before him and is sworn, it is in fact a good verification, and to hold that the validity thereof is destroyed because the officer thus authorized to administer the oath signs in his own official capacity, rather than that of the official capacity of his principal, would to our minds be a yielding of all substance to the merest shadow of a technicality. It is not by virtue of the official character of his principal that he is authorized to administer the oath, but by virtue of his own official character as a deputy, and in our opinion it is not only proper

that he should sign in his own official capacity but much
more appropriate than to do so in the name of his princi-
pal.   Not only is the action of the deputy in this case
sanctioned by reason, but it is also fully sanctioned by the
great weight of authority.   In some of the cases it has
been held that a jurat signed either in the name of the
principal or that of the deputy was good; in others, that
it must be signed in the name of the deputy who by law
was authorized to administer the oath.   And the industry
of the appellants has not enabled them to bring to our at-
tention a single case which holds that where the deputy is
by virtue of the statute authorized to administer an oath
that his attestation thereof should be made in the name of
his principal rather than his own.   The only cases which
they have cited are those which hold that a deputy sheriff
in serving and making return of process must do so in the
name of his principal, and not in his own name.   But these
cases are easily distinguished from the one at bar.   The
most of them are from the State of California, but that
they are not authority in the case at bar is fully shown by
other and later cases from that state in which it has been
expressly held that a deputy clerk possessed all the powers
of the clerk, and could act in his own name or that of his
principal.   See *Touchard v. Crow*, 20 Cal. 150; *Muller v.
Boggs*, 25 Cal. 186.   See, also, Mechem on Public Officers,
§ 570; *Calender v. Olcott*, 1 Mich. 344; *Wheeler v. Wilkins*,
19 Mich. 78; *Westbrook v. Miller*, 56 Mich. 148 (22 N. W.
Rep. 256); *State v. Barrett*, 40 Minn. 63 (41 N. W. Rep.
459); *Herndon v. Reed*, 82 Tex. 647 (18 S. W. Rep. 665).

Some of these cases not only hold a verification like the
one under consideration good, but go further and hold that
it would be ridiculous to say that such oath was sworn to
before the principal by the deputy, when in fact the deputy
was the only person having any connection whatever with

the transaction, and his authority was derived directly from the statute, and not in any sense from such principal.

The judgment and sentence must be affirmed.

DUNBAR, C. J., and STILES, ANDERS and SCOTT, JJ., concur.