[No. 1056. Decided January 9, 1894.]

## THE STATE OF WASHINGTON, *Respondent*, v. J. H. ROSE-NER, *Appellant*.

CRIMINAL LAW—INFORMATIONS—VERIFICATION BEFORE DEPUTY CLERK—INSTRUCTIONS—BODILY INJURY—REASONABLE DOUBT.

When an information is verified before a deputy county clerk, the verification is sufficient whether the jurat is signed by the deputy clerk in his own name as deputy or in the name of his principal by himself as deputy.

Where the court in an instruction to the jury has correctly defined a deadly weapon as one likely to produce death or "great bodily injury," it is not error for the court later in the same instruction to refer to such deadly weapon as one likely to produce death or "an injury" upon the complaining witness, as the omission of the words "great bodily," in the second definition is not misleading to the jury nor contradictory of the first definition.

An instruction defining a reasonable doubt, which is possibly open to the objection that it recognizes the right of a jury to require less positive proof of facts in cases of minor importance than in those of a graver nature, is not prejudicial, when the instruction, taken as a whole, defines such doubt as one which would make a man of common prudence pause or hesitate to act thereon.

*Appeal from Superior Court, Whatcom County.*

*Black & Leaming*, for appellant.

*W. C. Jones*, Attorney General, *Thomas G. Newman*, Prosecuting Attorney, and *Albert S. Cole*, for The State.

The opinion of the court was delivered by

HOYT, J.—The appeal in this case is from a judgment and sentence imposed upon the appellant upon a verdict of a jury finding him guilty of the crime of assault with a deadly weapon with intent to inflict upon the person of another a bodily injury where no considerable provocation appears.

Two reasons are assigned why the judgment and sentence

should be reversed: *First*, On account of the insufficiency of the information; and, *second*, for error of the court in instructing the jury. The information is attacked upon two grounds: (1) There is no allegation of the existence of the facts required by the statute to authorize the prosecuting attorney to proceed by information. (2) It does not appear therefrom that it had been properly verified.

It is only necessary to say, as to the first point, that substantially the same question was decided by this court adversely to the contention of the appellant in the case of *State v. Anderson*, 5 Wash. 350 (31 Pac. 969). As to the proof of verification, it is contended that it is insufficient for the reason that the deputy clerk signed the jurat in the name of his principal by himself as deputy, instead of in his own name as such deputy.

This irregularity, if irregularity it was, was not sufficient to destroy the force of the jurat. In *State v. Devine*, 6 Wash. 587 (34 Pac. 154), an information was attacked on the ground that the deputy signed the jurat in his own name instead of that of his principal, and this court held such verification good, but from the discussion therein it will apear that while some of the courts have held that the deputy must sign the jurat in the name of his principal, and that to sign it in his own name would render it invalid, and others that the contrary practice was the correct one, the weight of authority was in favor of holding that the verification was good in whichever form the jurat was signed. So long as the officer before whom the person to be sworn actually appears is authorized to administer the oath; and the jurat, when reasonably construed, shows that he so appeared and was sworn by such officer, its particular form is immaterial.

Error is founded upon two instructions given to the jury. In one of them the court, in defining the term "deadly weapon," as used in the statute, first stated that a deadly

weapon is one likely to produce death or great bodily injury, and afterwards, in the same instruction, made use of the expression that such weapon was one likely to produce death or an injury upon the complaining witness. Appellant seems to rely with much confidence upon the fact that the omission of the words ''great bodily'' in the second reference to the nature of the weapon constituted reversible error. If there had been but one definition or description of a ''deadly weapon'' and such words had been omitted therefrom, such omission would have rendered the instruction so faulty that for the giving thereof there should be a reversal. But it is the duty of this court to look at the instructions as a whole, and as it appears therefrom that a definition entirely satisfactory to the defendant was first given, the fact that in referring again thereto such words were omitted could not, in our opinion, have misled the jury. The second definition does not in terms contradict the first one. A great bodily injury is still an injury; hence, the second attempted definition from which the words ''great bodily'' are omitted does not contradict the first one in which they were correctly used.

The other instruction to which exception is taken is that in which the court defined ''a reasonable doubt.'' This instruction defined a reasonable doubt in substantially the language of the supreme court of the territory in the case of *Leonard v. Territory*, 2 Wash. T. 398 (7 Pac. 872), and it is contended on the part of the appellant that it is erroneous for the reason that it recognizes the right of a jury to require less positive proof of facts in cases of minor importance than in those of a graver nature. There may be some ground for a critical mind to draw some such conclusion from the language used, but when the definition is taken as a whole, and reasonably construed, it is at least as favorable to the defendant as he could ask. In fact, if the definition contained in such instruction is open to just

criticism it is for the reason that it is too favorable to the defendant. When the court therein says that whenever the state of the proofs is such that every necessary fact is not made so evidently to appear that a man of common prudence would act thereon without any pause or hesitation whatever, the defendant should be acquitted, the state, and not the defendant, has reason to find fault with the instruction.

The judgment and sentence must be affirmed.

DUNBAR, C. J., and SCOTT, STILES and ANDERS, JJ., concur.