[No. 1840. Decided May 31, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES A. VOORHIES, *Appellant*.

CRIMINAL LAW — SEPARATION OF JURORS.

Code Proc., § 1311, providing that "juries in criminal cases shall not be allowed to separate except by consent of the defendant and the prosecuting attorney," is only applicable to juries sworn to try a cause, and not to jurors sworn on their *voir dire* to answer touching their qualifications to serve, although they may have been passed for cause.

*Appeal from Superior Court, Whitman County.*

*Trimble & Pattison,* for appellant.

*H. W. Canfield,* Prosecuting Attorney, (*J. N. Pickrell,* of counsel), for The State.

The opinion of the court was delivered by

DUNBAR, J.—The appellant, Charles A. Voorhies, was accused of the crime of cattle stealing, by the information of the prosecuting attorney of Whitman

county, and upon trial was convicted by the jury and sentenced by the court to a term of two years' imprisonment in the state penitentiary.

The only error assigned in this case is that the court erred in overruling appellant's objection to the separation, during the recess of the court, of eleven persons who had been summoned to appear as jurors. It appears that during the impaneling of the jury, and at the time when eleven men were in the box, each of whom had been passed for cause by the appellant and respondent, the court having ordered an additional *venire* of eight jurors to complete the said jury, the appellant having used four peremptory challenges and the respondent none, the court, after duly admonishing the said eleven men in the box concerning their conduct, allowed them to separate during a recess of the court. Objection was duly made to this action of the court by the appellant and exceptions taken. So that the question for this court to determine is, was the appellant in any way injured or prejudiced by the action of the court in allowing the eleven men who had been summoned as jurors to separate during the noon recess of the court.

The appellant contends that this case falls within the provision of this statute, viz : § 1311 of the Code of Procedure, which provides that, "juries in criminal cases shall not be allowed to separate except by consent of the defendant and prosecuting attorney." The case of *State v. Place*, 5 Wash. 773 (32 Pac. 736), is relied upon by appellant as supporting his contention. The court decided that case squarely upon the statute above quoted, holding that the statute was mandatory and must be complied with. But in that case it was the jury after they were sworn to try the case that separated. The question here is, could the eleven

men who had been summoned to act upon this jury,
and had only been sworn upon their *voir dire* to an-
swer questions touching their qualifications, be termed
jurors under the provisions of this statute.    Bouvier
defines a juror as " a man who is sworn or affirmed to
serve on a jury," the word "juror" coming from the
Latin " juro," to swear ; and the word " jury " is de-
fined as " a body of men who are sworn to declare the
facts of a case as they are proven from the evidence
placed before them."    Plainly the alleged jury in this
case would not come within either of these definitions.

But we need not go to the common law or to writers
on common law to define this term.    It is defined by
our owns tatute.    Sec. 50 of the Code of Procedure pro-
vides that, " a jury is a body of men temporarily
selected from the qualified inhabitants of a particular
district and invested with power,—(1) to present or
indict a person for a public offense, (having reference,
no doubt, to grand jury) ; (2) to try a question of
fact ; " and § 53 defines a petit jury as " a body of
men, twelve in number in the superior court and six
in number in the courts of justices of the peace,
drawn by lot from the jurors in attendance upon the
court at a particular session, and sworn to try and de-
termine a question of fact ; " so that it seems plain to
us that the eleven men who were in the box at the
time the court took a recess were in no sense jurors or
a jury, such as was contemplated by the law when it
provided that the jury should not be allowed to sep-
arate during the trial of the cause.

The case of *Nomaque v. People*, Breese, 145 (12 Am.
Dec. 157), is cited and largely relied upon by the ap-
pellant to sustain his contention.    There the court
said :

" On the second point we give no positive opinion, but it certainly was an act of great indiscretion in the court to permit the jurors to go at large after they were sworn, because the reason of the rule, in keeping jurors together and apart from every other person, is as applicable after they are chosen and sworn, and before the trial, as after they are charged with the prisoner."

It appears in this case that the jury were actually charged and sworn, which they were not in the case at bar; but the inference drawn from the language of the court in that case, by the attorney for the appellant, is that the same harm might be done if the jury were allowed to separate before they were sworn to try the case as would be done if they were allowed to separate after they were sworn to try the case. But this doctrine must not be carried to the extreme, or it might be reasoned that the jury must be confined immediately upon their being summoned to try the cause, because it is then known that they are summoned to try the cause, and undue influence might possibly be brought to bear. Yet the administration of justice must be conducted in a reasonable way, and every conceivable wrong that might be done to a defendant cannot in the very nature of things be guarded against. In this instance the *venire* for the jury was issued on January 19th and made returnable on the trial of the cause, February 6th. Thus, it will be seen, some eighteen days intervened between the issuance of the venire and the trial of the cause. Just when the jurors respectively were summoned does not appear, but it was competent for the officer to have summoned them at any time after the issuance of the venire. Again, it does not follow that a person will be a juror who tries a case because he is summoned as a juror to

try such case; or even because, upon his examination on his *voir dire*, he is passed for cause. It is an indication that he may be on the jury which tries the cause, but it is no proof at all of that fact. In this instance the record shows that the state had all of its peremptory challenges left, and that those of the defense were not exhausted. So that plainly the action of the court is not made error by the statute referred to, and if error at all it was error at the common law without reference to the statute. But, as we have before said, even at the common law these men could not be considered jurors, and we think there is no authority which can be cited that will sustain appellant's contention, while the weight of authority even goes further and holds that it is not error, in the absence of a statute, for the regular jury to which the case has been submitted to separate, unless prejudice can be affirmatively shown to arise from such separation.

A distinction has been made by many of the courts between capital cases and cases of other crimes or misdemeanors; and in some cases it has been held that, on account of the enormity of the crime charged and the importance of the result, it was error to allow the jury to separate during the trial of a capital case. But in *Bilansky v. State*, 3 Minn. 427, it was held that the jury should be allowed to separate during the ordinary intervals of adjournment of lengthy trials, even in capital cases, where no special reason existed for denying it, and that such separation was no ground of error unless it be made to appear that improper influences were exerted upon the jury in consequence of their separation. To the same effect are *State v. Babcock*, 1 Conn. 401; *Adams v. People*, 47 Ill. 376, and, in fact, such is the holding of nearly all of the modern cases.

It not only does not appear from this record that there was any showing made that any improper influences had been brought to bear upon these men who were allowed to separate, even conceding that they were competent jurors under the law; but, on the contrary, it does appear from the record that the appellant had no reason to fear that any improper influence would be brought to bear upon them, or that they would be subjected in any way to any influence which would be prejudicial to him; for twice during the trial, after the jury had been properly impaneled, he consented to their separation; once for a noon intermission after the state had rested its case, and again for the night after the main portion of the testimony of the defense had been offered. After this manifestation of confidence in the jury on the part of the appellant, we do not think that he can consistently urge here that his rights were in any way imperilled by the fact that a portion of those who were summoned to act as jurors, and who afterwards as a matter of fact did so act, were allowed to separate during a noon intermission before the case had been submitted to them, either upon their oath or by the introduction of any testimony.

We are satisfied that no injustice was done to the appellant by the action of the court complained of, and the judgment will therefore be affirmed.

HOYT, C. J., ANDERS, SCOTT and GORDON, JJ., concur.