12  417<br>14  669

[No. 1676.  Decided July 26, 1895.]

THE STATE OF WASHINGTON, *Appellant*, v. DOLVENEY
V. WHITE, *Respondent*.

LARCENY — FALSE PERSONATION.

Under § 53, Penal Code, making it larceny for any person to receive "any money or other property whatever" by falsely representing or personating another, it is a crime for any person by such means to receive any kind or description of property of value.

*Appeal from Superior Court, King County.*

*John F. Miller*, Prosecuting Attorney, and *Daniel W. Bass*, for The State.

*Boyd J. Tallman*, and *Blaine & De Vries*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent Dolveney V. White was informed against by the prosecuting attorney of King county, for larceny alleged to have been committed in receiving a certain sewing machine by fraudulently representing himself to be the agent of the owner thereof. The information, omitting the caption and indorsement, is as follows:

"Dolveney V. White is accused by the prosecuting
27—12 WASH.

attorney of King county, State of Washington, by this information, of the crime of larceny, committed as follows: He, the said Dolveney V. White, in King county, State of Washington, on the 23d day of March, 1893, unlawfully and falsely did represent himself to one Sam Steve, an Indian, that he, the said Dolveney V. White, was then and there a duly authorized agent of the Singer Sewing Machine Company, the same being a corporation duly organized and existing under and by virtue of the laws of the state of New Jersey, and duly and legally doing business and having a place of business in said King county, State of Washington; and the said Dolveney V. White not then and there being the agent of the said Singer Sewing Machine Company, and in said assumed character, did then and there receive from the said Sam Steve one sewing machine of the value of $70 in lawful money, the property of the said Singer Sewing Machine Company, with the intent then and there and thereby to convert the said sewing machine to his own use, the said Sam Steve intending then and there to deliver the said sewing machine to the said Singer Sewing Machine Company, the agent of whom was misrepresented as aforesaid, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Washington. Dated at Seattle in county and state aforesaid this 12th day of January, 1894.                    " JOHN F. MILLER,
                                    " *Prosecuting Attorney.*

" State of Washington, County of King, ss:

" John F. Miller, being first duly sworn upon oath, deposes and states that he is prosecuting attorney for King County, State of Washington; that he has read the foregoing information and knows the contents thereof; that the statements and allegations made and contained therein are true as alleged.
                                    " JOHN F. MILLER.

" Subscribed and sworn to before me this 13th day of January, 1894.                    " T. W. GORDON,
                                    " *Clerk of the Superior Court.*
    " By P. D. HUGHES, *Deputy.*"

The respondent by his attorneys moved to quash and set aside the information on the alleged grounds: (1) That it did not state facts and circumstances sufficient to constitute the crime of larceny; and (2) that it was not properly verified. The motion was sustained by the court upon the ground, as stated by counsel for the state, that a sewing machine was not a subject of larceny under § 53 of the Penal Code, and the defendant was discharged.

That the information was not insufficient by reason of the form or substance of the verification will be seen by reference to previous decisions of this court. See *State v. Devine*, 6 Wash. 587 (34 Pac. 154), and *State v. Rosener*, 8 Wash. 42 (35 Pac. 357).

This information was based upon § 53 of the Penal Code, which reads as follows:

"Every person who shall falsely represent or personate another, and in such assumed character shall receive any money or other property whatever, intended to be delivered to the party so personated, with intent to convert the same to his own use, shall be deemed guilty of larceny, and shall, on conviction thereof, be imprisoned in the penitentiary not more than fourteen years nor less than one year, or imprisoned in the county jail any length of time not exceeding one year."

It closely follows the language of the statute, and if it fails to state facts sufficient to constitute the crime of larceny as therein defined, it is because the property mentioned is not designated by the statute. We are aware of no rule or principle of statutory construction which would exclude a sewing machine from the meaning of the words "other property whatever." All rules of construction are but aids to determine the legislative intent, and the primary rule is that the intention of the legislature is to be found in the ordinary and

usual meaning of the words used in the statute. The legislature has said that "every person who shall falsely represent or personate another and in such assumed character shall receive any money or other property whatever . . . shall be deemed guilty of larceny." And when it used the word "money" it not only designated a class or genus of property, but included therein every kind or species of that class; and, therefore, the words, " other property," cannot be said to refer to property of the same class. Endlich, Interpretation of Statutes, § 409.

Considering the mischief to be remedied, as well as the language used, it seems plain that the legislature intended to make it a crime for any person to receive any kind or description of property of value, by the means specified in the statute. To hold otherwise would be equivalent to saying that the words "other property whatever" have no force or meaning whatever.

The judgment is reversed and the cause remanded for further proceedings in accordance with this opinion.

HOYT, C. J., and DUNBAR, SCOTT and GORDON, JJ., concur.