[No. 8385. Department Two. April 2, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. MOSES CLARK, *Appellant*.[1]

INDICTMENT AND INFORMATION—REQUISITES—VERIFICATION. The verification of an indictment is sufficient when the jurat is signed by the deputy clerk as such.

HOMICIDE—DEGREES—JUSTIFICATION—BURDEN OF PROOF—INSTRUCTIONS. In a prosecution for homicide, it is proper to instruct that upon proof of the killing being established beyond a reasonable doubt, the presumption of law is that it was murder in the second degree, and that the burden is upon the defendant to justify it or reduce it to manslaughter, where there were other proper instructions as to the presumption of innocence, burden of proof, and the definitions of the various degrees of homicide.

[1]Reported in 107 Pac. 1047.

CRIMINAL LAW—TRIAL—JURORS—SEPARATION. Rem. & Bal. Code, § 2159, providing that jurors shall not be allowed to separate except by consent of the accused, applies only to jurors sworn to try the cause, and not to jurors sworn on their *voir dire*, as to whom it is discretionary to allow a separation on adjournments before the panel is complete.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered February 20, 1909, upon a trial and conviction of murder in the second degree. Affirmed.

*Lovell & Davis*, for appellant.

*John Truax*, for respondent.

CROW, J.—Upon an information charging murder in the first degree, the defendant was convicted of murder in the second degree, and has appealed from the judgment and sentence entered thereon.

The appellant first contends that the information is insufficient for want of a proper verification, the deputy clerk of the superior court having signed the name of the clerk to the jurat by himself as deputy. The verification is sufficient. *State v. Rosener*, 8 Wash. 42, 35 Pac. 357; *State v. White*, 12 Wash. 417, 41 Pac. 182.

Appellant's next contention is that the trial court erred in giving the following instruction:

"I instruct you, as a matter of law, that if a homicide, that is, the killing of one human being by another, is proven beyond a reasonable doubt, as explained to you, the presumption of law is that it is murder in the second degree; and if the state would elevate it to that of murder in the first degree it must establish all the statutory characteristics of murder in the first degree; and, on the other hand, if the defendant would reduce it to manslaughter, or justify it, the burden is upon him so to do."

Appellant's counsel in their brief concede that this instruction has heretofore been approved by this court, but contend that it is nevertheless erroneous, as it in effect with-

draws from the consideration of the jury that presumption of innocence which prevails throughout the trial, and amounts to a practical destruction of the rule of evidence that the burden of proof is on the state to establish each and every essential element of the crime charged. Other and previous instructions given by the trial judge clearly defined and distinguished the crimes of murder in the first degree, in the second degree, and manslaughter. The jury had also been instructed, properly and clearly, upon presumption of innocence, reasonable doubt, and burden of proof. This being true, they could not have been misled or confused on these subjects. The instruction upon which error is now assigned is in harmony with, and follows, our former rulings. In *State v. Payne*, 10 Wash. 545, 39 Pac. 157, after stating, and rejecting as unsound, the rule announced by Mr. Wharton, we said:

"It is conceded by all the authorities that, under the old common law rule, the killing having been shown, it would be presumed that murder had been committed. If this was the rule at common law, at a time when the mouth of the defendant was closed, and he was unable to explain the circumstances surrounding the killing, there would seem to be greater reason for its existence at the present time, when it is in his power to fully show the circumstances surrounding the transaction. The premeditation required to constitute murder in the first degree is a distinct element, having no relation whatever to the fact of the killing, and for that reason all of the authorities hold that no presumption of murder in the first degree flows from the proof of the killing; but as to murder in the second degree the reasons which induced the holding at common law still have force. Every one is presumed to intend the natural and necessary results of his actions. If he kills another he must, in the absence of a showing to the contrary, be presumed to have intended to kill him. And while it is true that even although he did intend to kill he may not be guilty of murder, or of any other crime, yet if he is not, it is by reason of some fact in justification of his action, the burden of proving which public policy demands should be cast upon him. If it is held that the fact

of killing does not raise the presumption that it was malicious, the administration of criminal justice will be greatly interfered with."

See, also, *State v. White*, 10 Wash. 611, 39 Pac. 160, 41 Pac. 442; *State v. Johnny Tommy*, 19 Wash. 270, 53 Pac. 157; *State v. Melvern*, 32 Wash. 7, 72 Pac. 489. Nothing in the instruction given indicates a violation or abandonment of the old, well-established, and elementary rule that a defendant is presumed innocent of any crime until guilt is proven beyond a reasonable doubt. The act of homicide, committed by appellant, having been established beyond a reasonable doubt, the instruction given was properly submitted to the jury for their consideration and guidance in weighing the evidence and arriving at their verdict.

At one time, while the jury were being examined on their *voir dire* and selected to try this cause, eleven of the jurors had been passed for cause, and as to them the state and appellant had each waived peremptory challenges. Thereupon the venire being exhausted, an adjournment was had until the following morning. During this adjournment, the eleven jurors were permitted to separate. The appellant now contends that the trial judge erred in permitting such separation. Section 2159, Rem. & Bal. Code, provides that:

"Juries in criminal cases shall not be allowed to separate, except by consent of the defendant and the prosecuting attorney, but shall be kept together, without meat or drink, unless otherwise ordered by the court, to be furnished at the expense of the county."

This section is applicable only to juries sworn to try a cause, and not to jurors sworn on their *voir dire* to answer touching their qualifications to serve. *State v. Voorhies*, 12 Wash. 53, 40 Pac. 620. The record shows that appellant interposed no objection to the separation of the jurors at the time of adjournment. No jury had then been impaneled, no evidence had been offered on the merits, nor was there any jury, until twelve qualified men had been sworn to

try the cause in the manner provided by law. It would have been a proper exercise of discretion for the trial judge to have prevented any separation of the jurors who were being examined on their *voir dire*, but we are not aware of any statute requiring him to make any such order, nor can we hold that he was guilty of any abuse of discretion in permitting them to separate, no prejudice being shown. No improper conduct on the part of the eleven jurors, or of any person with whom they may have come in contact, has been shown or suggested; nor has it been made to appear that the appellant was in any manner deprived of any of his rights.

The judgment is affirmed.

RUDKIN, C. J., MOUNT, DUNBAR, and PARKER, JJ., concur.