[No. 14646. Department Two. July 3, 1918.]

The State of Washington, *Respondent,* v.
S. A. Hewett, *Appellant.*[1]

Indictment and Information—Verification—Deputies. An information may be verified by the deputy prosecuting attorney before the deputy county clerk.

Criminal Law—Trial—Limiting Argument—Discretion. It is discretionary in a criminal action to limit the time for argument to the jury to three hours, and only abuse of discretion warrants interference therewith.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 25, 1917, upon a trial and conviction of murder in the first degree. Affirmed.

*Joseph M. Glasgow,* for appellant.

*Alfred H. Lundin, Frank P. Helsell,* and *Joseph A. Barto,* for respondent.

Mackintosh, J.—The verification of the information in this case was made by the deputy prosecuting attorney before a deputy clerk of the superior court, who signed the jurat in the name of his chief, by himself as deputy. This court has held in *State v. Rosener,* 8 Wash. 42, 35 Pac. 357; *State v. Clark,* 58 Wash. 128, 107 Pac. 1047; *State v. White,* 12 Wash. 417, 41 Pac.

[1]Reported in 173 Pac. 726.

182, that the verification of the information is sufficient when the jurat is so signed by a deputy clerk.

Error is also predicated upon the limiting of counsel for the defendant in his argument to the jury to a period of three hours. The matter of the allotment of time for argument is one resting within the discretion of the trial court. As he is familiar with the issues to be argued and all the minutiae of the case, upon which he can determine the time that should be consumed in properly presenting the issues to the jury, that discretion will not be interfered with unless it appears that the exercise of it has been abused. In this case there is no showing that would justify us in holding that there was any abuse of discretion in this regard.

The judgment of the superior court must be affirmed.

MAIN, C. J., MOUNT, and HOLCOMB, JJ., concur.