DAVIS *v.* STATE OF INDIANA.

[No. 24,350.    Filed November 21, 1923.]

1. OFFICERS.—*Deputy.—Authority.*—All official acts done by a deputy should be done in the name of the principal. p. 652.

2. OATHS.—*City Clerk.—Deputy.*—In view of §8683 Burns' Supp. 1921, Acts 1921 p. 685, authorizing a city clerk to appoint deputies, and §8848 Burns 1914, Acts 1907 p. 222, authorizing the city clerks of cities of the first and second classes to be clerk of the city court, and administer oaths, and §240 Burns 1914, (§240 R. S. 1881) providing that when the statute requires an act to be done which by law an agent or deputy as well may do as the principal, such requisition shall be satisfied by the performance of such act by an authorized agent or deputy, the city clerk of the city of Indianapolis has legal authority to administer oaths incident to his duties as clerk of the court, and his duly appointed deputy has the same authority, and also the authority to act in the name of his principal. p. 654.

3. PERJURY.—*Indictment.—Variance.*—In an indictment for perjury the name of the person or court administering the oath must be averred and proved as laid, and variance between an indictment which charges that the defendant voluntarily came in person before the clerk of the city court, who was an officer having authority to administer an oath, and swore to an affidavit, and the evidence that the affidavit was made before the deputy city clerk, is fatal. p. 654.

From Marion Criminal Court (53,509); *James A. Collins,* Judge.

Sherman Davis was charged by indictment with the crime of perjury. From a judgment of conviction he appeals. *Reversed with instructions.*

*W. E. Henderson,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was charged with perjury in making a voluntary affidavit. The section of statute under which this indictment was found is §2376 Burns 1914, Acts 1905 p. 584, and provides that: "Who-

ever willfully, corruptly and falsely, before any officer authorized to administer oaths, under oath or affirmation, voluntarily makes any false certificate, affidavit or statement of any nature, for any purpose, shall be deemed guilty of perjury,   *   *   *."

The indictment charges that the appellant, Sherman Davis, on or about May 27, 1922, at and in the county of Marion and State of Indiana, did then and there unlawfully and voluntarily come in person before John W. Rhodehamel, who was then and there clerk of the city of Indianapolis, county of Marion, State of Indiana, and was an officer having competent authority to administer an oath, the said Sherman Davis, then and there in due form was voluntarily sworn and took his oath before the said John W. Rhodehamel, clerk as aforesaid, as such clerk, and did willfully, corruptly, falsely and feloniously make his voluntary affidavit in writing as follows:

State of Indiana  } SS:
Marion County

I, Sherman Davis, being duly sworn upon my oath say that I am the owner in my name and right of real estate, free from all encumbrances situate in Marion county, state of Indiana, of the value of $2,000 Dollars.

Witness my hand this 27th day of May, 1922.
                                    Sherman Davis.

Subscribed and sworn to before me, this 27th day of May, 1922.
                    John W. Rhodehamel, City Clerk.

The indictment then contains allegations controverting the truth of the affidavit above set forth.

The appellant pleaded not guilty. The cause was submitted to the court for trial without a jury. The trial resulted in a finding of guilty. After a motion for a new trial had been made and overruled, the court entered judgment upon the finding and from such judg-

ment this appeal is taken. The only assignment of error is that the court erred in overruling appellant's motion for a new trial.

Before the affidavit upon which perjury is assigned was admitted in evidence, oral evidence was introduced by the state to the effect that one John W. Rhodehamel was city clerk of the city of Indianapolis, during the month of May, 1922. That one Rueben B. Shelton was deputy clerk of said city and was the deputy clerk acting in the city court of the city of Indianapolis, during that time. That his appointment was in writing and filed in the city clerk's office. That the said Rueben B. Shelton swore the appellant to the affidavit and attached the signature of John W. Rhodehamel to the jurat of said affidavit. That the said Rueben B. Shelton had authority at that time to administer the oath and to sign the name of John W. Rhodehamel, city clerk, to the jurat thereof.

The appellant objected to the admission of the affidavit in evidence because he claimed that there was no law authorizing the city clerk to administer an oath and that Rueben B. Shelton as deputy city clerk did not have the authority to administer an oath and affix the name of his principal thereto. That the preliminary proof made by the state shows without contradiction that the oath was not administered by John W. Rhodehamel, city clerk, but by Rueben B. Shelton, who claimed to act as deputy city clerk. The appellant claimed for these reasons that the affidavit is not admissible in evidence.

Appellant's first contention is without merit. We think it is a well settled rule that all official acts done by the deputy should be done in the name of his principal. In 9 Am. and Eng. Ency. Law (2d ed.) p. 369, it is said: "A deputy is one who, by appointment, exercises an office in another's right,

having no interest therein, but doing all things in his principal's name, and for whose misconduct the principal is answerable."

In 2 Wharton, Criminal Law (9th ed.) §1263, it is said: "It is held to be sufficient *prima facie,* that the person by whom the oath is administered was an acting magistrate, and the evidence of the officer himself may be received to prove this. When such a case is presented by the prosecution, it may be rebutted by proof on part of the defendant that the officer was not competent to act."

In 2 Wharton, Criminal Law (9th ed.) §1315, it is said: "It is not necessary for the prosecution to prove the appointment of the officer who administered the oath, if a *prima facie* case of authority is made out; and * * * that the person lawfully exercising the duties of that office had authority to administer an oath in such a case. And the officer himself may be called to prove that he was acting as such. But if the defense proves that the officer * * * had no authority to administer the oath, the prosecution falls."

The Act of 1905, as amended by the Act of March 10, 1921, Acts 1921 p. 685, §8683 Burns' Supp. 1921, provides that, the city clerk of every city may appoint one or more deputies to assist him. This act also provides that he shall perform all duties prescribed by law or incident to his office.

Section 8848 Burns 1914, Acts 1907 p. 222, provides that, in cities of the first and second class the city clerk shall be clerk of the city court and that such clerk shall have power to administer oaths. Section 240, cl. 10, Burns 1914, §240 R. S. 1881, provides that, when the statute requires an act to be done which by law an agent or deputy as well may do as the principal such requisition shall be satisfied by the performance of such act by an authorized agent or deputy.

We hold that the city clerk of the city of Indianapolis, had legal authority to administer oaths incident to his duties as clerk of the city court and that his duly appointed deputy had the same authority, and he had authority to act in the name of his principal.

Appellant's second objection to the admission of this affidavit raises the question whether the affidavit introduced in evidence by the state, together with the oral evidence in regard to the execution thereof, should have been admitted in view of the allegations in the indictment. The allegations in the indictment are: That John W. Rhodehamel was then and there clerk of the city of Indianapolis and that the appellant voluntarily came before him and was sworn by him as such clerk to the affidavit, and the oral evidence showing that the appellant did not go before the said John W. Rhodehamel, clerk as aforesaid, but went before one Rueben B. Shelton, deputy city clerk, and executed the affidavit of which this perjury is alleged. Can this affidavit in the light of the oral evidence be accepted as proof of the allegations in the indictment?

The attorney-general, in arguing this proposition, says the deputy clerk administered such oath in the name of the clerk and not in his own name and that he had authority for so doing. Authority is cited to show that he had a right to act in the name of his principal. There is no dispute about the fact that the deputy clerk must act as the agent of the clerk and that it is proper for him to sign the clerk's name instead of his own, but this does not answer the question. The question is, was the introduction of that affidavit and the oral evidence incident thereto, a variance from the charge alleged in the indictment.

In *Tardy* v. *State* (1836), 4 Blackf. 152, where there was an indictment against John G. Tardy, and the affi-

davit on which the perjury was assigned is alleged in the indictment to be signed by him; held that the affidavit signed John Gariel Tardy was not, in consequence of the variance, admissible as evidence in support of the indictment.

1 Bishop, Criminal Procedure (3d ed.) §566 says, that the indictment should be so far extended into detail beyond the mere definition of the law on which it is drawn, as to render the particular instance of offending certain. "This certainty," says Starkie, "seems to consist in the special description of the persons, places, and things mentioned in the indictment; with their respective names, situation, extent, nature, quantity, number, value and ownership."

The same author, 2 Bishop, Criminal Procedure (3d ed.) §910, says: "The name of the court, or of the official person, before which or whom was the proceeding wherein the perjury is charged to have been committed, pertains to the indictment. Still it is one of the identifying facts; hence it must be alleged, and correctly, as known in law." In the same section, under the sub-head of *variance* it is said: "In general if the tribunal, magistrate, or other official person is described in terms needlessly minute, the description is so far material that, to avoid a variance, it must be proved as laid."

The name of the person or court administering the oath must be averred and a variance in this respect is fatal. *State* v. *Gross* (1911), 175 Ind. 597, 95 N. E. 117; *Hitesman* v. *State* (1874), 48 Ind. 473; 2 Wharton, Crim. Law §1287; *State* v. *Street* (1807), (1 Murphy) 5 N. C. 156, 3 Am. Dec. 682; *Kerr* v. *People* (1866), 42 Ill. 307; *Morrell* v. *People* (1863), 32 Ill. 499; *State* v. *Oppenheimer* (1874), 41 Tex. 82; *United States* v. *Wilcox* (1859), 4 Blackf. 391; *Guston* v. *People* (1871), 61 Barb. (N. Y.) 35; *Cutler* v. *Territory* (1899), 8 Okla. 101, 56 Pac. 861.

656 SUPREME COURT OF INDIANA,

The appellant's second objection was well taken, and it was error to overrule it. Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Ewbank, J., not participating.