THE STATE OF FLORIDA ex rel. IRA G. MELSON, *Relator*, vs. JAMES M. PEELER, as Judge of the Criminal Court of Record in and for Duval County, Florida, *Respondent*.

146 So. 188.

Opinion filed January 9, 1933.

Petition for rehearing denied February 17, 1933.

*R. B. Moseley*, for Relator;

No appearance for respondent.

WHITFIELD, J.—By a petition for a writ of prohibition against the Judge of the Criminal Court of Record for Duval County, Florida, it is made to appear that two informations were filed in such Criminal Court of Record on March 13, 1931, by L. D. Howell, County Solicitor, Duval County, Florida, the informations charging Ira G. Melson with forgery alleged to have been committed on April 15, 1929, and on November 14, 1929. Each of the informations is authenticated as follows:

"STATE OF FLORIDA⎰
COUNTY OF DUVAL⎱

Personally appeared before me, L. D. HOWELL, County Solicitor for Duval County, Florida, who being first duly sworn, says that the allegations as set forth in the foregoing information are based upon facts that have been sworn to as true, and which, if true, would constitute the offense therein charged.

L. D. HOWELL, County Solicitor.

Sworn to and subscribed before me this Mar. 13, 1931.

W. D. PARFITT, Clerk Criminal Court.
(SEAL)    By E. J. BUTLER, Deputy Clerk."

In his petition sworn to by him, the petitioner alleges "that no warrant for his arrest was ever issued, nor was your petitioner ever arrested prior to the filing by said County Solicitor of said purported Informations;" that "the alleged crimes for which the said County Solicitor is attempting to prosecute your petitioner, were committed, if committed at all, in or during the months of March and April, A. D. 1929, and no prosecution of any kind whatsoever was ever attempted to be commenced against your petitioner until the said 13th day of March, A. D. 1931, at which time the said County Solicitor filed the said two Informations;" that "no process was ever issued for his arrest until the 23rd day of August, A. D. 1932."

On August 23, 1932, a capias was issued in each case as follows:

"THE STATE OF FLORIDA

To All and Singular the Sheriffs of the State of Florida, Greeting:

*You Are Hereby Commanded* to take *IRA G. MEL-SON* if he be found in your County, and him safely keep so that you have his body before the Judge of our Criminal Court of Record in and for the County of Duval and State of Florida, at the Court House in Jacksonville, *instanter*, to answer unto the State of Florida on an information filed against him by the County Solicitor for FORGERY AND UTTERING FORGERY, and have you then and there this writ.

Witness, the HON. JAMES M. PEELER, Judge, as also D. W. PARFITT, Clerk of said Court, and the Seal of our said Court, at the Court House at Jacksonville aforesaid, this AUG. 23, 1932 day of_____ A. D. 19_____.

L. D. HOWELL        D. W. PARFITT
  County Solicitor.        Clerk Criminal Court.
(SEAL)        By E. J. BUTLER
              Deputy Clerk."

The sheriff's return on one capias is as follows:

"Received this Capias the *23* day of *AUG.* A. D. 1932, by arresting the within named *IRA G. MELSON* and having him now before the Court this_____day of_____, A. D. 19_____.

      W. B. CAHOON, Sheriff.

      By FRANK EDWARDS, Deputy Sheriff."

The return on the other capias shows that the service was made on the accused August 27, 1932.

The Clerk of the Criminal Court of Record certifies that the copies of the informations and capiases in the record here are true and correct copies and that the informations were filed March 13, 1931, "and said capiases issued thereon on the 23rd day of August, A. D. 1932." and "that no further papers, constituting any complaint,

oath or affirmation, are or appears to be among the files and records of said cause in this office."

A rule to show cause why a writ of prohibition should not be awarded was issued to the Judge and the Sheriff's return thereon is as follows:

"Received this writ on the *2nd* day of *Dec.*, A. D. *1932*, and executed same on the *3rd* day of *Dec.*, A. D. *1932* in Duval County, Florida, by delivering a true copy thereof to the within named defendant, *JAMES M. PEELER, Judge of the Criminal Court of Record in and for Duval County, Florida*, and at the same time exhibiting this original writ and explaining the contents thereof.

W. B. CAHOON, Sheriff, Duval County, Florida.
J. B. DANIEL, Deputy Sheriff."

The Judge has made no reply to the rule, but the service of the rule on him authorizes the court to proceed in this cause. See Christie v. Loomis, 32 Fla. 401, 13 So. 891; Section 4572 (2875) Compiled General Laws.

The informations were sworn to by the county solicitor "before me * D. W. Parfitt, Clerk of Criminal Court, by E. J. Butler, Deputy Clerk." The deputy is not an officer but acts for and in the name of the Clerk who is an officer. The jurat is not insufficient or illegal. See Summer v. Mitchell, 29 Fla. 179, 219, 10 So. 562; State v. Devine, 6 Wash. 587; State v. Rosener, 8 Wash. 42; 11 C. J. 915; 1 C. J. 796.

The jurat states "that the allegations set forth in the" forgery informations "are based upon facts that have been sworn to as true," which is sufficient to show the county solicitor filed the informations after appropriate affidavits had been filed as a basis for the informations.

The statute provides that "All offenses not punishable with death shall be prosecuted within two years after the same shall have been committed." Section 7113 (5011)

Compiled General Laws. Under the constitution criminal offenders are prosecuted in the Criminal Courts of Record upon informations under oath by the prosecuting attorney who is by statute called county solicitor. Sections 27 and 28, Article V, constitution; section 8241 (5972) Compiled General Laws.

In this case the informations were filed March 13, 1931, within two years from the dates on which the offenses are alleged to have been committed, one on April 15, 1929, and the other on November 14, 1929; but the capiases were issued on the informations on August 23, 1932, more than two years after the dates on which the offenses are alleged to have been committed.

The statutes provide:

"Informations may be filed with the clerk of the County Court and Criminal Courts of Record in vacation, without leave of the court being first had and obtained, and upon information so filed the clerk of said court shall docket cases and issue any and all necessary process, the same as if filed in term time by leave of the court."

Section 8258 (5977) Compiled General Laws:

"After any person shall be indicted for felony or for a misdemeanor, or after an information shall be filed against him, if he be not already in custody, a capias shall issue for his arrest and shall be directed to all and singular the sheriffs of the State of Florida." Section 8375 (6070) Compiled General Laws.

The quoted statutes require the issuance of process as a ministerial duty. See Drinkard v. State, 20 Ala. 9, text 13; Scott v. State, 94 Ala. 80, 10 So. 505, 12 Cyc. 378.

It is contended that as a capias or warrant was not issued to the sheriff or other proper officer on either information until more than a year after the informations were filed and more than two years after the dates of the

crimes as charged in the informations, the prosecutions are barred by the two years statute of limitations.

Under the statute an accused "shall be prosecuted within two years after the" commission of an offense not punishable with death.

It does not appear that there were prior to the filing of the informations, any preliminary proceedings on charges against the petitioner for the offenses alleged in the cases here considered. Rouse v. State, 44 Fla. 148, 32 So. 784, 1 Ann. Cas. 317; but the informations were filed within two years from the alleged commission of the offenses. This prevents the bar of the statute unless it is necessary to issue a capias or warrant and place it in the hands of a proper officer for service on the accused as a prerequisite to the commencement of the prosecution based on the filing of an information. There is in this case no showing of a preliminary prosecution prior to the filing of the informations in the Criminal Court of Record.

The decisions of this court indicate that the statutory limitation of two years for a prosecution for an offense "not punishable with death," does not bar the prosecution if a sufficient indictment or information is duly filed before the expiration of two years from the date of the commission of the offense. See Weinert v. State, 35 Fla. 229, 17 So. 570; Warrace v. State, 27 Fla. 362, 8 So. 748; Anderson v. State, 20 Fla. 381; Savage v. State, 18 Fla. 970; Nelson v. State, 17 Fla. 195; Rouse v. State, 44 Fla. 148, 32 So. 784.

In Indiana and Kansas where the statutes require the prosecution to be begun within a stated period, the statute is not a bar if an indictment or information is filed before the expiration of the statutory period. Gardner v. State, 161 Ind. 262, 68 N. E. 163; State v. Smith, 72 Kan. 244; 16 C. J. 231.

The prosecutions were begun when the informations

were duly filed by an authorized official before the expiration of two years from the commission of the offenses, so the prosecutions were not barred by the statute of limitations; and the mere failure of the Clerk to issue capiases on the informations until after two years from the commission of the offenses does not render the informations subject to the bar of the statute or affect the jurisdiction of the court.

Cases in which the prosecution is begun by preliminary proceedings upon affidavit and service of a warrant are not apposite here. See In re Clyne, Petitioner, 52 Kan. 441; In re Griffith, Petitioner, 35 Kan. 377, text 379.

THE RULE IN PROHIBITION IS QUASHED.

Buford, C.J., and Terrell and Brown, J.J., concur.

Davis, J., concurs specially.

Ellis, J., absent on account of sickness.

Davis, J. (Specially Concurring).—I concur in the result because I think the *jurisdiction* of the Court to proceed to try the accused must be tested by what appears in the allegations of the information. See Hutchinson v. Courtney, 86 Fla. 556, 98 Sou. Rep. 582, where this rule was applied to a civil case. See also Rouse v. State, 44 Fla. 148, 32 Sou. Rep. 784, 1 Ann. Cas. 317, where an information was tested by its *allegations*.

But in Nelson v. State, 17 Fla. 195, it was said: "The statute of limitations in respect to crimes is to be construed liberally in favor of defendants." This means, I take it, that a prosecution must be *effectively* begun within the period of limitation. Presumably a prosecution *is* effectively begun within the period of limitation, when an indictment is found or an information is filed within two years from the date of the commission of the offense *as charged in the indictment or information*.

But I think any such presumption may be overthrown

at the trial by an affirmative showing on defendant's part that while an information was in truth filed within the two year period, that no process was issued upon it within a reasonable time thereafter, thereby negativing the otherwise permissive presumption that in filing the information within the two year period, the intent of the prosecuting authorites was that the offense charged, should be by that document deemed "prosecuted within two years," as required by Section 8421 (5972) C. G. L.

The State being required in every case falling under the statute, to affirmatively prove that the offense charged was "prosecuted" within two years after the commission of the alleged crime, I think the defendant at his trial has the right to show that while *in form*, the prosecution was instituted within the statutory period, that in fact and substance it was not, because the prosecuting authorities failed to have any process issued within a reasonable time thereafter, for the purpose of acquiring jurisdiction over the person of the defendant, so as to make an actual prosecution *pro curia* possible within a period of time corresponding to the statutory period.

The Supreme Court of the United States has very recently enunciated a clearly stated doctrine to the effect that in prosecutions for crime, the defendant may be permitted to show *affirmatively* at the trial, *facts in pais* which will demonstrate that the government is either estopped to have, or has lost its right to have, the benefit of a conviction in the particular case before the Court, on account of the failure of its own officers to observe the spirit and intent of its statutes relating to how prosecutions shall be begun and supported. Sorrells v. United States, opinion filed December 19, 1932, U. S. Daily, Suppl. No. 5, Index page 87.

Surely, it is but a reasonable construction of our two year statute of limitations to give the defendant charged

with a felony, the right to affirmatively show that what is in *form* a prosecution within the required time, was in fact and *substance* not such a prosecution, because of an unexplained and unreasonable delay in taking required proceedings designed to give a person charged with crime his constitutional right to a public and "speedy" trial. See Section 11, Bill of Rights.

While the present case does not essentially demand a decision of that point, my view is that the provisions of the statute of limitations should be read in the light of the constitutional right of the accused to a speedy public trial after the crime charged is lodged against him by the finding of an indictment or the filing of an information containing the charge.

If, through either the design or the neglect, of the state's prosecuting officers to have process issued to advise the accused of the charge against him, and to bring him personally before the court for trial, a criminal accusation may be kept secret for years and years by the mere filing, without more, of a charge on the records of the court, every benefit of the statute of limitations can be evaded or frittered away by undue postponements of those jurisdictional proceedings necessary to be taken for acquiring jurisdiction to proceed to trial, by obtaining jurisdiction of the defendant's person through appropriate process.

A statute of limitations, as this Court has said, should be liberally construed in favor of protecting the rights of defendants designed to be protected by such statutes. One of the important rights so designed to be protected is the constitutional right to a speedy public trial, while witnesses are still at hand for purposes of defense, and while there still exists means to rebut the State's evidence of apparent guilt.

It seems to me that the true rule to accomplish what is

a constitutionally required procedure, is to permit the defendant on trial to show by way of an affirmative defense that the particular prosecution has not been timely brought and therefore is barred, notwithstanding the presumptive evidence to the contrary, afforded by the filing of the charge within the two year period. It seems to me that the *ratio decidendi* of Sorrells v. United States is ample authority to support the submission of such a defense to the jury to be weighed in connection with all the other facts in evidence. Such a course of procedure would permit the prosecution the benefit of showing some good reason why it failed to have process issued with reasonable promptness to insure a speedy trial. It would at the same time prevent a technical compliance with form from defeating a substantial right of an accused to be informed of the nature and cause of the accusation against him, and to have a speedy public trial as to his guilt or innocence of the charge made.

With the foregoing modifications, I concur in the result and partially concur in the opinion of MR. JUSTICE WHITFIELD to the extent that it does not conflict with what has been heretofore stated by me as applicable to right of defense based upon a substantial failure to actually "prosecute" within two years.