Hart, J.,
 

 dissenting. I agree that, under the Youngstown Municipal Court Act, fees of jurors are to be paid out of the city treasury in the first instance, and that the treasury is entitled to reimbursement from the party to the suit against whom such costs are properly assessed. My dissent relates to what is meant by jury fees which may be taxed as costs under the statute.
 

 
 *285
 
 Statutes assessing costs, like statutes assessing taxes, must be strictly construed in favor of the litigant against whom they are assessed. The statute in question provides that jury fees shall be taxed as costs against the unsuccessful party. Jurors comprising a jury are those who have been sworn and sit as such in the case in question. Until sworn, they are not jurors, but veniremen. This interpretation of the term “juror” is supported by the lexicographers and judicial authority. The term “juror” is derived from the latin word
 
 “juro”
 
 meaning “to swear.” Bouvier’s Law Dictionary says a juror is a man who is 'sworn or affirmed to serve on a jury; and a jury is a body of men who are sworn to declare the facts of a case as they are proven from the evidence placed before them. The Century Dictionary says that a “juror” is one who has taken an oath; a member of any jury; one of a body of persons sworn to deliver a verdict in a case submitted to them.
 

 Under some procedural statutes the term “juror” may be broadly applied to persons who are selected as a group from which jurors may be chosen. For instance, a member of a jury-panel, who has not been sworn to try an issue in any particular case, may be regarded as a juror so far as disciplinary action of the court is concerned.
 
 Marvin
 
 v.
 
 District Court of Polk
 
 County, 126 Iowa, 355, 102 N. W., 119;
 
 People
 
 v.
 
 Newmark,
 
 312 Ill., 625, 630, 144 N. E., 338.
 

 Persons so summoned are veniremen and remain veniremen until they are sworn as jurors. If they are not sworn as jurors the fee paid them is not a jury fee covering the duration of the trial, but a fee for appearance in court for a single day because summoned as veniremen.
 

 Under statutes providing for the taxing of fees of jurors against a defendant in any particular case, rea
 
 *286
 
 son dictates that the term “juror” should be confined to those persons who are selected and sworn and who participate in the verdict in the particular case. Otherwise, the amount of costs which may be taxed for jury fees is left to the whim or caprice of the officer calling the veniremen.
 

 In the case of
 
 State
 
 v.
 
 Voorhies,
 
 12 Wash., 53, 40 P., 620, the Supreme Court of Washington holds that men in the jury box, each of whom has been passed for cause, but none of whom had been sworn as jurors, are not jurors so as to prevent their separation during a-recess taken in order to summon an additional venire. The term “juror” as used in a Kentucky statute, allowing to a clerk of courts a fee of twenty-five cents for excusing jurors, was held to apply to such jurors only as were actually accepted and sworn.
 
 Greene, Aud.,
 
 v.
 
 Smither,
 
 178 Ky., 742, 744, 202 S. W., 485. Likewise, it has been held that a person who was merely sworn in order to ascertain his qualifications as a juror, is not a juror within a provision authorizing a fee for administering an oath or affirmation, except to a juror.
 
 Marsh
 
 v.
 
 United States,
 
 88 F., 879, 882.
 

 In my view, only the fees of jurors who actually were sworn and participated in the case, as such, should have been taxed as costs, and the judgment of the Court of Appeals should be modified to the extent here indicated and, as modified, affirmed.
 

 Bell, J., concurs in the foregoing dissenting opinion.