CRAIG *v.* STATE OF INDIANA.

[No. 28,981. Filed May 22, 1953.]

*James D. Lopp,* of Evansville, for appellant.

*Edwin K. Steers, Jr.,* Attorney General, and *Carl M. Franceschini,* Deputy Attorney General, for appellee.

DRAPER, J.—The appellant was convicted of rape. Before entering his plea of not guilty, he moved to quash the affidavit. The motion was overruled, and the correctness of that ruling is the only question presented.

The jurat reads as follows:

"Subscribed and sworn to before me, the undersigned Clerk of the Vanderburgh Circuit Court this 21 day of April, 1952
(Seal)
    "S/ *Ed. J. Sauer*
        "Clerk of the Vanderburgh Circuit Court
    "S/ *Per Edna M. Lilly*
            "Deputy"

By §49-2708,[1] clerks of circuit courts are empowered to administer all oaths, and by §49-601 they are author-

1. All statute references are to Burns' 1951 Replacement.

ized to administer oaths generally, pertaining to all matters where an oath is required. Clerks of circuit courts are authorized to appoint deputies, §49-501, who shall take the oath required of their principals and may perform all the duties of their principals, being subject to the same regulations and penalties, §49-502. The deputy clerk was clearly acting within the scope of her authority in administering the oath, but it is asserted that she could only certify to the administration of the oath in her own name and right as a deputy clerk, and not in the name of the clerk by herself as his deputy.

The jurat is merely a certificate of the due administration of the oath. Its purpose is to evidence the fact that the affidavit was duly sworn to before an officer authorized to administer it. The jurat here shows that the affiant appeared before the deputy clerk, an officer authorized to administer the oath, and was duly sworn by such officer. It is sufficient. *State* v. *Rosener* (1894), 8 Wash. 42, 35 Pac. 357; *State* v. *Clark* (1910), 58 Wash. 128, 107 Pac. 1047; *State* v. *Hewett* (1918), 103 Wash. 52, 173 Pac. 726; *State* v. *Peeler* (1933), 107 Fla. 615, 146 So. 188. And see *Davis* v. *State* (1923), 193 Ind. 650, 141 N. E. 458.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 296.